**Leo M. MULLEN, M. D., and the Credit Card Corporation, Appellants,**

v.

**DIKE DEVELOPMENT COMPANY, INC., and Roy N. Dike and Vicie B. Dike, husband and wife, and Alvaretta D. Allen, and Jackson County Water Company, Respondents.**

Nos. 28493–28655.

Missouri Court of Appeals, Kansas City District.

Dec. 27, 1977.

Haskell Imes, Kansas City, for appellants.

Charles W. Hess, Sr., Linde, Thomson, Fairchild, Langworthy & Kohn, Kansas City, for Jackson County Water Co.

Paul E. Panek, Belton, for Dike et al.

Before SHANGLER, P. J., and WELBORN and HIGGINS, Special Judges.

ANDREW JACKSON HIGGINS, Special Judge.

Consolidated appeals from dismissals entered against plaintiffs' petition. The dispositive question is whether there is a final judgment for purposes of appeal. Appeal dismissed.

Appellants' transcript and the files reveal the following pertinent proceedings:

Plaintiffs Leo M. Mullen, M. D., and The Credit Card Corporation filed their "Amended Petition In Two Counts" June 18, 1974. In Count I plaintiffs alleged: that on July 11, 1962, "they, the Dikes, * * Allen, and other persons" entered into written agreement with defendant Jackson County Water Company to purchase water from the water company for use in Martinwood Addition, "and the water company agreed to construct a water system" in Martinwood; that prior to September, 1966, Jackson County Water Company acquired a Certificate of Convenience and Necessity from the Missouri Public Service Commission, and thereafter "the Dikes and said [Dike] development company commenced the installation of said water system * * but did nothing in the Martinwood Addition in which the Plaintiffs were interested"; "that the Dikes, while acting as agents for said Water Company * * * have refused to install water mains in the Martinwood Addition"; "that because of the wrongful refusal of the Defendants Dike to install said water system," plaintiffs have been damaged; that plaintiffs and others have complained to the Public Service Commission and have had hearings before the Commission resulting in various findings and orders which, among other things, directed Jackson County Water Company to render water service to any applicant in its service area requesting same; "that although Plaintiffs have offered to go along with 'Dike' to operate said water district, 'Dike' has refused to do so * * *." The prayer was for "judgment against all defendants" in sum $50,000. Count II of plaintiffs' petition was omitted from the transcript "at request of Appellants."

Defendants Dike Development Company, Inc., Roy N. Dike, Vicie B. Dike, and Alvaretta Allen moved to dismiss Count I of plaintiffs' petition on grounds the Public Service Commission had exclusive original jurisdiction over all parties and subject matters and, absent appeal of its action to the circuit court under Section 386.510, RSMo 1969, plaintiffs have not exhausted their administrative remedies.

Defendant Jackson County Water Company also moved to dismiss Count I of plaintiffs' petition on grounds of failure to plead or show exhaustion of administrative remedy.

On November 21, 1975, the court, the Honorable Keith P. Bondurant, Judge, considered the motion of Jackson County Water Company, found that Count I failed to state a cause of action and ordered "that Jackson County Water Company is dismissed as a defendant herein, and Count I of Plaintiffs' Amended Petition is hereby dismissed."

On December 4, 1975, plaintiffs filed notice of appeal dated November 28, 1975, from the foregoing dismissal to the Supreme Court of Missouri. On March 11, 1976, the supreme court transferred the appeal to the Missouri Court of Appeals, Kansas City District, where it was assigned number KCD 28,655.

On December 11, 1975, the court, Judge Bondurant, considered and sustained a motion of defendants Dike Development Co., et al., to dismiss "Count II"[1] of plaintiffs' amended petition "and Count II is dismissed." The court also noted: that on November 21, 1975, "this Court dismissed Count I" of plaintiffs' amended petition; that defendants Dike Development Company, Inc., and Alvaretta D. Allen dismissed their counterclaim against the plaintiffs; that all pending matters are "thus disposed of." The court then ordered: "Count II of Plaintiffs' Amended Petition is *dismissed* * * *. Plaintiffs' cause of action herein is dismissed. Defendants' Counterclaim has been dismissed without prejudice * * *."

On December 22, 1975, plaintiff Leo M. Mullen, M. D., moved, *pro se*, to set aside the judgment of November 21, 1975, and "as an alternate to have a hearing * * * by another judge." Doctor Mullen also moved, *pro se*, for a change of judge to hear his motion to set aside the judgment of November 21 and to set aside the judgment of December 11, 1975, because of inconsistencies in the proceedings of December 11, 1975, with respect to pending counterclaim,

dismissal of various counts, and dismissal of plaintiffs' cause of action.

On December 24, 1975, the court, Judge Bondurant, entered an order which recited: "that all pending matters * * * were not disposed of by the Court's Order of Dismissal of December 11, 1975. * * * that on or about December 11 or December 12 defendants Roy N. Dike and Vicie B. Dike filed an amended counterclaim against plaintiffs, * * * that plaintiffs contend that they sought and were not given a hearing on the motion of defendants Dike, Dike Development Company and Allen to dismiss Count II of plaintiffs' amended petition, and the plaintiffs claiming that this Court is prejudiced ' * * * in failing to give them said hearing," and ordered that the order of dismissal of December 11, 1975, be set aside; that Count II of plaintiffs' amended petition be reinstated; that defendants Dike be given leave to file their amended counterclaim; that "[t]he order of November 21, 1975 dismissing Count I of plaintiffs' amended petition [as to Jackson County Water Company] is confirmed"; that the court disqualifies itself and transfers the cause for reassignment.

On December 24, 1975, plaintiffs filed notice of appeal dated December 22, 1975, from the order of December 11, 1975, to the Missouri Court of Appeals, Kansas City District, where it was assigned number KCD 28,493, and subsequently combined with number KCD 28,655 upon its transfer from the supreme court.

On December 30, 1975, the cause was reassigned to Division 12, the Honorable Lawrence R. Smith, Judge, and subsequently transferred to the Honorable Forest W. Hanna, Division 12 of the court. The record reveals motions, hearings, and correspondents during pendency of the cause in both divisions.

◼ To be final and appealable, a judgment must dispose of all parties and all issues in the case and leave nothing for future determination, unless the court has

---

1. The record does not show any motion directed to Count II.

**340**

ordered a separate trial of any claim or issue or has specified the judgment to be a final judgment for purposes of appeal. Rule 81.06, V.A.M.R.; *State ex rel. Schweitzer v. Greene,* 438 S.W.2d 229 (Mo. banc 1969); *Caudle v. Kelley,* 545 S.W.2d 427 (Mo.App.1976); *Baumstark v. Jordan,* 540 S.W.2d 611 (Mo.App.1976).

█ In the state of this record it cannot be said that the orders from which plaintiffs would appeal disposed of all the parties and all the issues, and neither was designated final for purposes of appeal. The order of November 21, 1975, was made upon consideration and sustention of a motion to dismiss Count I of plaintiffs' petition as to Jackson County Water Company, one of several defendants. The order did not affect Count II; and, although it purported to dismiss Count I, it could do so only as against defendant water company. The order of December 11, 1975, was purportedly made upon consideration of a motion to dismiss Count II of plaintiffs' petition as to defendants Dike, Dike Development Company, and Allen, but no such motion is in the record. The proceedings of December 24, at most, confirmed the state of affairs resulting from the proceedings of November 21, and nullified those of December 11.

Appellants recognize the difficulty with their appeal in that their Point I is devoted to questions of final appealable judgments. They cite a number of cases, none of which is in point, because they involved judgments designated as final for purposes of appeal. See, e. g., *Spires v. Edgar,* 513 S.W.2d 372 (Mo. banc 1974); *Title Insurance Corp. of St. Louis v. United States,* 432 S.W.2d 787 (Mo.App.1968); *Johnson v. Great Heritage Life Ins. Co.,* 490 S.W.2d 686 (Mo.App.1973); *Stith v. St. Louis Public Service Co.,* 363 Mo. 442, 251 S.W.2d 693 (1952); *Pizzo v. Pizzo,* 365 Mo. 1224, 295 S.W.2d 377 (banc 1956).

Appeal dismissed as premature.

All concur.