**Leo M. MULLEN, M.D., Appellant,**

v.

**Kenneth WISE et al., Respondents.**

No. 30088.

Missouri Court of Appeals,
Western District.

June 11, 1979.

Haskell Imes, Kansas City, for appellant.

Michael J. Drape, Kansas City, for respondents.

Before SOMERVILLE, P. J., and PRITCHARD and MANFORD, JJ.

MANFORD, Judge.

Appeal from order of dismissal for failure to prosecute. Affirmed.

Appellant sought money judgment against respondent and others in Magistrate Court. Appellant's claim was denied. Appeal was filed, without bond, to the Circuit Court.

Notice of the weekly trial docket was sent to all parties. This notice advised the parties:

"There will be a docket call on Friday, January 20, 1978, at 9:30 a. m. and counsel for all parties should be present if disposition has not been made prior to that time. On Friday, January 20, 1978, defaults, summary dispositions, and dismissals for want of prosecution or for failure to prosecute appeals will be rendered. Those cases for trial will be given specific dates and times during the week of January 23, 1978."

On January 23, 1978, appellant did not appear, and the order of dismissal giving rise to this appeal was entered. Appellant filed his motion to set aside the dismissal. Upon a hearing before the trial court, the motion was denied.

Appellant sets out one issue on appeal, alleging that the trial court committed prejudicial error by disregarding a misprision committed by the court clerk.

Appellant attempts to shift his responsibility to appear at the designated time and place under the trial court's weekly trial docket to the clerk of the court under the doctrine of "misprision". "Misprision" has been defined to include "A clerical error or mistake made in writing or keeping of records." *Black's Law Dictionary*, 1152 (4th ed. 1951).

■ Appellant alleges a phone conversation was held between the clerk of the trial court and appellant's counsel and the latter was informed that the appeal had been dismissed as of Friday, January 20, 1978. Appellant's allegation of misprision is without merit.

■ Nothing in the record indicates justifiable excuse for failure to appear and no meritorious defense to the dismissal was presented. Ample notice and opportunity to be heard having been afforded appellant,

the dismissal did not constitute prejudicial error and such action was within the discretion of the court.

The order of the trial court is affirmed.

All concur.