Alexandra DAVIDSON,
Plaintiff-Appellant,

v.

Rich ELLISON, et al.,
Defendants-Respondents.

No. WD 34721.

Missouri Court of Appeals,
Western District.

Nov. 20, 1984.

Dennis J.C. Owens (argued), Gary McMillan, Kansas City, for plaintiff-appellant.

Joseph R. Colantuono (argued), Kansas City, for defendants-respondents.

Before KENNEDY, P.J., and NUGENT and BERREY, JJ.

NUGENT, Judge.

Plaintiff Alexandra Davidson originally filed suit for slander against defendants Rich Ellison, Rich Ellison Enterprises, Inc., Margaret A. Sullins, and Stadium Vehicles, Inc. The circuit court granted summary judgment in favor of defendants Margaret A. Sullins, Rich Ellison, and Rich Ellison Enterprises, Inc. Plaintiff appeals from that determination. While this appeal was pending, plaintiff attempted to amend her petition, adding a count against the Missouri Insurance Guaranty Association. In addition, she later lodged with the clerk of the circuit court a "voluntary dismissal" of the remaining original defendant, Stadium Vehicles, Inc. We dismiss the appeal as premature for lack of a final judgment and lack of jurisdiction.

In October, 1981, plaintiff filed suit for slander naming Rich Ellison, Rich Ellison Enterprises, Inc., Margaret A. Sullins, and Stadium Vehicles, Inc., as defendants. In February and July of 1982, plaintiff filed claims for slander with defendants' insurer, Proprietors Insurance Company. At that time Proprietors was insolvent and the Missouri Insurance Guaranty Association (M.I.G.A.), pursuant to § 375.785, was handling claims filed against it. Plaintiff was informed of this fact and filed a claim with M.I.G.A. for the alleged slander. M.I.G.A. later denied that claim.

In October of 1982, defendants Ellison, Ellison Enterprises and Sullins filed a motion for summary judgment on the ground that plaintiff's filing of a covered claim with M.I.G.A. constituted a general release of those three defendants from liability in accordance with § 375.785.4(1)(a)c. On January 13, 1983, the court sustained the motion and entered an order dismissing the three defendants from the action and directing that the action against Stadium Vehicles was to proceed. The plaintiff moved to set aside the judgment, but on March 18, 1983, the court denied that motion. Nevertheless, the court at the same time granted plaintiff "leave to amend her petition (conditionally) ... as soon as possible." (The "condition" upon which the leave was granted was not specified.) On March 28, 1983, plaintiff filed a notice of appeal to this court from the January 13, 1983, order.

Plaintiff did not file her second amended petition until August 15, 1983. In Count I of that petition she reasserted her earlier

claim of slander against the original four defendants. She also added Count II against the Missouri Insurance Guaranty Association for its denial of plaintiff's earlier insurance claim. Plaintiff alleged that the original defendants were liable to plaintiff for slander, that those claims were covered by Proprietors' policy, and that M.I.G.A., standing in the shoes of the insolvent insurer, denied payment of the claim in violation of its statutory duty. The record contains no answer of defendants to plaintiff's second amended petition.

On appeal, defendants contest our jurisdiction in this case because plaintiff's claims against Stadium Vehicles and M.I.G.A. had not been determined below. In response, purportedly pursuant to Rule 67.-01, plaintiff lodged in the circuit court a voluntary dismissal of Stadium Vehicles, Inc., and lodged a copy of that document with the clerk of this court. By letter to the clerk, plaintiff's counsel advised us that the document lodged with our clerk was only a copy of the dismissal "filed" in the circuit court where the case against defendant Stadium Vehicles was still pending. In that letter, counsel asserted that the action in the circuit court was continuing against a new defendant, M.I.G.A.

Plaintiff claims that the circuit court erred in granting summary judgment because it misconstrued § 375.785.4(1)(a)c. We cannot reach the merits of the appeal because all the parties and issues have not been disposed of below; the summary judgment entered here is an interlocutory order and not a final judgment for purposes of appeal and the court did not specifically designate it as final pursuant to Rule 81.06. Nor does the judgment pertain to "an entirely separate and independent claim unrelated to" the claim against Stadium Vehicles. Accordingly, we dismiss the appeal and remand the case to the circuit court.

■ Although the law pertaining to finality of judgments for purposes of appeal is replete, this case provides one interesting addition to that body of decisions. A summary judgment which does not dispose of all parties and issues is a non-appealable interlocutory order. *Bell v. Garcia*, 639 S.W.2d 185, 188 (Mo.App.1982). The lower court may specifically designate its order a final judgment pursuant to Rule 81.06, but the court did not do so here. Where a party attempts to appeal from an interlocutory order, the court of appeals can acquire no jurisdiction to hear the case on its merits. *Edwards v. Sittner*, 206 S.W.2d 578, 580 (Mo.App.1947); *Hays v. Dow*, 237 Mo.App. 1, 166 S.W.2d 309, 315 (1942). Plaintiff filed her notice of appeal on March 28, 1983, while her claim against Stadium Vehicles was still pending in the lower court. The filing was premature because the circuit court had not yet exhausted its jurisdiction and had not designated its order a final judgment. *See, Bennett v. North Brighton Townhouses, Inc.*, 588 S.W.2d 100, 102 (Mo.App.1979).

■ Nevertheless, the mere filing of the notice of appeal suspended the circuit court's jurisdiction over the entire case despite the fact that as of March 28, 1983, the action against Stadium Vehicles had not been terminated. Rule 81.06 provides the only way for dividing the jurisdiction over the case between the circuit and the appellate court. It empowers the circuit court to spin off part of the case for immediate appellate review by designating as a final judgment an order which does not dispose of all parties and issues. Rule 81.06 also authorizes the circuit court to prevent such division of jurisdiction. The court may decline to deem a judgment of a separate, independent and unrelated claim in the case as a final judgment for purposes of appeal by ordering it entered as an interlocutory judgment to be held in abeyance until all other claims are determined.

■ Ordinarily, the filing of an effective notice of appeal cuts off the trial court's jurisdiction to exercise any judicial function in the case and vests the jurisdiction in the appellate court. *Love v. First Crown Financial Corp.*, 662 S.W.2d 283, 285 (Mo. App.1983). For most purposes, the circuit court no longer has an active case pending on its docket, its jurisdiction being limited to the exercise of ministerial functions and

functions provided for by statute or rules of procedure. *State ex rel. Steinmeyer v. Coburn,* 671 S.W.2d 366, 371–72 (Mo.App. 1984).

After the filing of the notice of appeal, therefore, a party cannot be added, a petition cannot be amended and a party cannot be dismissed. For such purposes, the case is in suspension until the trial court's full judicial jurisdiction is restored. If that were not so, the trial court would be free to proceed with the handling and disposition of part of a case even while an appellate court considered the appeal of another part of the case. Impossible procedural jumbles would be created.

For those reasons, plaintiff's "filing" of an amended petition and of a voluntary dismissal while this appeal awaited our decision were nullities.

Although this court did not acquire jurisdiction to hear the merits of plaintiff's appeal, nevertheless, by the filing of the notice of appeal we were vested with the jurisdiction to determine whether the appeal was ripe so that full judicial jurisdiction of the merits of the case had been transferred to us. In the interim, absent a proper order under Rule 81.06 designating its summary judgment as a final judgment for purposes of appeal, the trial court had no case before it in which plaintiff could proceed to prosecute her cause.

For the foregoing reasons, we hold that this court never acquired jurisdiction to entertain this appeal. Accordingly, we dismiss the appeal.

All concur.