Leo M. MULLEN, M.D., Appellant,

v.

John H. RENNER, et al., Respondents.

No. WD 35730.

Missouri Court of Appeals,
Western District.

Nov. 27, 1984.

Rehearing Denied Jan. 29, 1985.

Application to Transfer Denied
April 2, 1985.

Leo M. Mullen, M.D., pro se.

Myron S. Silverman, Gage & Tucker, Kansas City, for respondents.

Before KENNEDY, P.J., and NUGENT and BERREY, JJ.

**PER CURIAM:**

Following his involuntary retirement from the staff of St. Mary's Hospital, Dr. Leo Mullen, acting pro se, filed: (1) a petition against the hospital and named members of the hospital staff, and (2) a motion for a "temporary injunction allowing him to continue on the hospital staff during the pendency of the lawsuit." Appellant sought reinstatement on the hospital staff and money damages. The defendants moved to dismiss the petition for failure to state a cause of action. Following a hearing, the trial court issued its judgment overruling the motion for injunction and dismissing the petition with prejudice.

Mullen alleged that he had been indicted by a federal grand jury for controlled substances offenses. In preparation for trial, Mullen was examined by a psychiatrist, Dr. William McNelly, of the University of Kansas College of Health Sciences and Hospital. McNelly found "that at the time of the alleged acts [Dr. Mullen's] judgment was so impaired ... that he was unable to appreciate the wrongful nature of his acts." Based on this diagnosis, the United States Attorney for Western Missouri, with leave of the district court, dismissed the indictment against Dr. Mullen.

In the fall of 1982, during its periodic review of physicians sixty-five years old and older, the credentials committee of St. Mary's Hospital reviewed the report of Dr. McNelly and recommended to the executive committee that "Dr. Mullen be retired from the St. Mary's staff." The executive committee afforded Mullen a hearing on November 17, 1982. Although Dr. Mullen attended the hearing, he presented no affirmative evidence of his own. Rather, Mullen maintained that McNelly's conclusions were based on symptoms caused by Mullen's high blood pressure medicine. Mullen argued that the committee should be able to conclude, based on his appearance and demeanor before the committee, that McNelly's report was no longer accurate (if, indeed, it was ever accurate). The executive committee decided to retire Dr. Mullen from St. Mary's staff.

St. Mary's Hospital gave Mullen a further "appellate review hearing" of the decision to retire him from the staff. Again, Mullen did not present any affirmative evidence on his behalf regarding his mental condition. Rather, he argued that McNelly's report was incorrect. Dr. Mullen was subsequently involuntarily retired from the staff of St. Mary's Hospital.

Dr. Mullen argues that the trial court abused its discretion when it dismissed his petition without, *sua sponte*, offering Mullen an opportunity to amend it to state a cause of action, and dismissed his petition with (rather than without) prejudice. The point is denied.

### I

Before discussing the point raised by appellant, we address a jurisdiction matter raised by respondents. Respondents contend that the appeal should be dismissed because the appeal was taken from an order overruling Mullen's motion for rehearing rather than from the trial court's judgment of February 16, 1984. Respondents are correct in contending that the appeal lies from the trial court's judgment and not from the order overruling the motion. An attempt to appeal from a non-appealable post judgment order may or may not be a basis for dismissal of the appeal, depending on perception by the appellate court of the interests of justice, the inadvertence of the mistake and the presence or absence of a good faith attempt to present issue cognizable for appeal and discernable from the briefs and record. *Pittman v. Reynolds,* 679 S.W.2d 892 (Mo.App.1984). In the instant case, the conditions warrant leniency and, in the interests of disposing of the controversy, the appeal is considered as taken from the judgment dismissing Mullen's petition.

### II

We begin by noting that Mullen does not contest the correctness of the trial court's determination that the petition, as it stands, fails to state a cause of action. Rather, Mullen's point concerns the trial court's action, or inaction, after making the decision that the petition was deficient.

Mullen begins by correctly noting the liberality which is accorded requests for leave to amend a petition, even during trial. *Hanes v. Bacon Sales Co.,* 602 S.W.2d 50, 53 (Mo.App.1980); Rule 55.33. However, Mullen concedes that he "did not specifically request time to amend" his petition. Rule 67.06. He argues that the trial judge should have affirmatively offered appellant the opportunity to amend his petition. "If a plaintiff desires to file an amended petition it is up to him to ask leave to do so." *Jones v. Williams,* 209 S.W.2d 907, 911 (Mo.1948). Much more recently, this court has rejected the argument that a trial judge must *sua sponte* grant a party leave to amend a deficient pleading. *Burr v. National Life & Acc. Ins. Co.,* 667 S.W.2d 5, 7–8 (Mo.App.1984).

### III

Appellant also argues that the trial judge improperly dismissed the petition with prejudice rather than without prejudice. "[I]nvoluntary dismissal[s] ... shall be with prejudice unless the court in its order for dismissal shall otherwise specify." Rule 67.03. While the trial court may, in its order of dismissal, specify that it is without prejudice, appellant has presented no reason for the trial court to have taken such a step. Appellant concedes that he did not seek leave to amend his petition. When a party fails to seek leave to amend a deficient pleading, it may be assumed that the party "has made the strongest presentation of his case which the facts permit and was satisfied with his pleading." 5 C.J.S. *Appeal & Error* Section 1539b, p. 1083 (1958).

### IV

Appellant argues that the trial court's actions constituted an abuse of discretion. He correctly notes that the standard of review in such a case is whether reasonable minds could differ as to the correctness of the ruling. *Anderson v. Robertson,* 402

S.W.2d 589, 593 (Mo.App.1966). If reasonable minds could differ, then there is no abuse. We have outlined substantial reasons supporting the trial court's judgment of dismissal with prejudice. Appellant has presented no sufficient reason for altering that decision.

## V

Before concluding, we address one additional aspect of this case raised by appellant. Mullen argues that, because he is a pro se litigant, he should not be held to as strict a standard as a party represented by an attorney. Dr. Mullen is no stranger to the courts of this state or of the United States. He has frequently been involved in litigation. He has been represented by counsel, and he has appeared pro se. *Mullen v. Academy Life Ins. Co.*, 705 F.2d 971 (8th Cir.1983), *cert. denied sub nom, Beausang v. Mullen*, —— U.S. ——, 104 S.Ct. 101, 78 L.Ed.2d 105 (1983) (pro se); *Mullen v. United States*, 696 F.2d 1000 (8th Cir. 1982) (decision without published opinion) (case No. 82–1846), *motion to file petition for cert. out of time denied*, 461 U.S. 921, 103 S.Ct. 2077, 77 L.Ed.2d 292 (1983); *Mullen v. Starr*, 537 F.Supp. 945 (W.D.Mo. 1982), *aff'd without published opinion*, 696 F.2d 1000 8th Cir.1982) (case No. 82–2059), *cert. denied*, 461 U.S. 960, 103 S.Ct. 2434, 77 L.Ed.2d 1320 (1983), *reh'g. denied*, —— U.S. ——, 104 S.Ct. 415, 78 L.Ed.2d 353 (1983) (pro se); *Mullen v. Orr*, 667 S.W.2d 8 (Mo.App.1984) (pro se); *Wright v. Mullen*, 659 S.W.2d 261 (Mo.App.1983) (represented by counsel); *Dayringer v. Mullen*, 651 S.W.2d 500 (Mo.App.1983) (represented by counsel); *Mullen v. General Motors Corp.*, 640 S.W.2d 144 (Mo.App.1982) (pro se); *Mullen v. Wise*, 583 S.W.2d 250 (Mo. App.1979) (represented by counsel); *Mullen v. Dike Development Co., Inc.*, 560 S.W.2d 337 (Mo.App.1977) (represented by counsel); *Mullen v. City of Kansas City*, 557 S.W.2d 652 (Mo.App.1977) (represented by counsel); *Poorbaugh v. Mullen*, 99 N.Mex. 11, 653 P.2d 511 (Ct.App.1982), *cert. denied*, 99 N.Mex. 47, 653 P.2d 878 (1982) (represented by counsel); *Poorbaugh v. Mullen*, 96 N.Mex. 598, 633 P.2d 706 (Ct.App.1981) (represented by counsel). Mullen has met with mixed results both when appearing on his own behalf and when represented by counsel. Further, Mullen has appeared as a witness, *Weaver v. Finch*, 306 F.Supp. 1185, 1189 (W.D.Mo. 1969) (use of letter stating diagnosis in disability case), and has had significant contacts with other litigation, *[Delores] Mullen v. Roberts and Roberts Real Estate, Inc.*, 550 S.W.2d 588 (Mo.App.1977). Thus, Mullen is not the typical pro se litigant. We believe that the following comments by Federal District Judge Stevens, regarding pro se litigants in general and Dr. Mullen in particular, apply well to this case:

> Despite the admonition, often stated by appellate courts, that pleadings of one appearing *pro se* should be construed liberally in favor of the pleader, those pleadings still "must set forth the claim in a manner which, taking the pleaded facts as true, states a *claim as a matter of law.*" (Citation omitted) .... That constraint on the application of the rule of liberality is made even more telling in this case, where plaintiff [Dr. Mullen] has filed nine matters within three years in this court in which he has appeared *pro se.* The court takes notice of the fact that plaintiff has filed seventeen actions *pro se* in the Circuit Court of Jackson County, Missouri, since the 1976 court year and since 1965 has appeared as plaintiff in ten other suits in Circuit Court. Additionally, he has filed untold actions *pro se* in the Associate Circuit Court of Jackson County, Missouri.

> This is not to say that plaintiff should be criticized for his apparent litigiousness. Free access to the courts is a keystone of our democratic society. However, rules of interpretation designed to serve the naivete and lack of legal sophistication of the customary *pro se* pleader do not necessarily apply to him whose favorite hobby at least, if not vocation, must be the writing of pleadings and filing of lawsuits.

*Mullen v. Starr, supra*, at 948–49. (Emphasis in original.)

The judgment of the circuit court is affirmed.