Michael CONROY, Appellant,

v.

SOLON GERSHMAN, INC., and Gershman Investment Corp., Respondents.

No. 55245.

Missouri Court of Appeals, Eastern District, Division Three.

April 4, 1989.

Jon G. Carlson, Edwardsville, Ill., Jerome T. Bollato, William E. Moench, St. Louis, for appellant.

Russell F. Watters, Charles E. Reis IV, St. Louis, for respondents.

HAMILTON, Judge.

Plaintiff Michael Conroy filed this action against defendants Solon Gershman, Inc., and Gershman Investment Corporation[1] to redress injuries he allegedly sustained when a tenant of defendant Solon Gershman, Inc., shot him during a drug raid in the tenant's apartment. The trial court dismissed with prejudice Plaintiff's First Amended Petition for failure to state a claim upon which relief can be granted and Plaintiff appeals. We affirm.

In reviewing the sufficiency of Plaintiff's petition, we accept as true those facts properly pleaded, giving the averments a liberal construction, and according the petition all reasonable inferences fairly deducible from the facts alleged. *Stiffelman v. Abrams*, 655 S.W.2d 522, 525 (Mo. banc 1983).

Plaintiff alleges in his petition that, on March 30, 1987, he was accidentally shot by Tom Rafferty while visiting an apartment rented by Rafferty and others from defendant Solon Gershman, Inc. According to Plaintiff's petition, after Rafferty pulled a gun during a drug raid at the apartment, he accidentally shot Plaintiff. In addition, Plaintiff avers that, prior to the date of the incident in question, a drug raid and shooting had occurred at the apartment in which Plaintiff was shot.

Plaintiff further alleges that defendant Solon Gershman, Inc., was negligent in failing to: (1) screen its tenants; (2) "take action" with regard to its tenants when it knew or should have known that certain tenants were conducting illegal and dangerous activities; and (3) "take action" to protect Plaintiff when it knew or should have known that certain tenants were conducting illegal and dangerous activities.

A petition seeking damages for negligence must allege ultimate facts which, if proved, demonstrate: (1) the existence of a duty on the part of the defendant to protect the plaintiff from injury; (2) breach of this duty; (3) causation; and (4) injury to the plaintiff. *Madden v. C & K Barbecue Carryout, Inc.*, 758 S.W.2d 59, 61 (Mo. banc 1988).

Under most circumstances, a landlord or lessor has no liability for injuries to a tenant or to the tenant's invitees caused by dangerous conditions. *Milne v. Pevely Dairy Co.*, 641 S.W.2d 158, 160 (Mo.App. 1982). Missouri courts do recognize, however, some exceptions to this general rule. For example, in the landlord/tenant context, a duty may arise "when a person, known to be violent, is present on the premises or an individual is present who

1. Plaintiff subsequently dismissed his action against Gershman Investment Corporation.

has conducted himself so as to indicate danger and sufficient time exists to prevent injury." *Faheen v. City Parking Corp.* 734 S.W.2d 270, 273 (Mo.App.1987), (citing *Meadows v. Friedman R.R. Salvage Warehouse*, 655 S.W.2d 718, 721 (Mo.App. 1983)). This court has also recognized a "violent crimes" exception that requires proof of these elements: (1) a relationship between plaintiff and defendant, such as landlord and tenant; (2) prior specific incidents of violent crimes on the premises, sufficiently numerous and recent to put a defendant on actual or constructive notice that third persons are likely to endanger the safety of defendant's invitees; and (3) sufficient similarity between the incident causing injury and prior specific incidents of violent crimes occurring on the premises to prompt a reasonable person to take precautions to protect his invitee from that activity. *Faheen*, 734 S.W.2d at 273–74.

Cases in which Missouri courts have recognized that the landlord or business owner has a duty to protect against known dangerous activities all involve conduct which occurred on or in common premises allegedly under the landlord's control. *See Madden v. C & K Barbecue Carry-out*, 758 S.W.2d 59 (Mo. banc 1988) (parking lot); *Jackson v. Ray Kruse Constr. Co., Inc.*, 708 S.W.2d 664 (Mo. banc 1986) (parking lot); *Virginia D. v. Madesco Inv. Corp.* 648 S.W.2d 881 (Mo. banc 1983) (public restroom).

Plaintiff contends that the decision of the Missouri Supreme Court, *Aaron v. Havens*, 758 S.W.2d 446 (Mo. banc 1988), broadens a landlord's potential liability to include conduct occurring in the leased premises. Plaintiff's reliance on *Aaron* is misplaced. In *Aaron*, the plaintiff was assaulted in her apartment by an individual who gained access to that apartment through a fire escape. The plaintiff alleged in her petition that the landlord knew or should have known of a dangerous condition of the fire escape such that a criminal intruder could gain easy access to her apartment. Concluding that the fire escape was part of the common premises under the landlord's control, the court held that "[t]here is no logical reason why a *dangerous condition of*

*common premises*, proximately causing injury on private premises, could not be the occasion for liability." (emphasis supplied) 758 S.W.2d at 447.

Mindful of these principles, we examine Plaintiff's petition. It discloses that the conduct forming the basis for the alleged negligence occurred solely in the leased premises. Unlike the petition in *Aaron*, upon which Plaintiff relies, Plaintiff's petition contains no allegation that any dangerous condition of common premises caused the injury on private premises. This factor alone supports the trial court's decision to dismiss the petition for failure to state a claim upon which relief can be granted.

Moreover, Plaintiff's petition is defective in other respects. Although alleging the landlord had knowledge that "certain of its tenants were conducting illegal and dangerous activities," the petition fails to allege that the tenant who shot Plaintiff had been involved in any prior "dangerous activities." Nor does the petition allege that the landlord had exclusive control over the premises rented by the tenant and that the landlord had the exclusive power to take preventive action but failed to do so. *See Advance Rental Centers v. Brown*, 729 S.W.2d 644, 646 (Mo.App.1987). Absent such allegations, Plaintiff states no cause of action against a landlord for breach of a duty to protect an invitee from the dangerous activities of the landlord's tenant.

Finally, Plaintiff argues that, should this court find the allegations of the petition legally insufficient, it should remand the case to allow Plaintiff to amend his pleading. Rule 67.06 affords a plaintiff the opportunity to seek to amend his petition before a judgment of dismissal with prejudice becomes final. Upon the record before us, however, we find no indication that Plaintiff made a timely request to amend. *See Cady v. Hartford Accident and Indem. Co.*, 439 S.W.2d 483, 486 (Mo. 1969). Moreover, no trial judge is required *sua sponte* to grant leave to amend a deficient pleading. *Greening v. Klamen*, 719 S.W.2d 904, 906 (Mo.App.1986). Where a

plaintiff fails to seek leave to amend a deficient pleading, the court may assume that he " 'has made the strongest presentation of his case which the facts permit and was satisfied with his pleading.' " *Mullen v. Renner*, 685 S.W.2d 212, 214 (Mo.App. 1984) (quoting, 5 C.J.S. *Appeal & Error* Section 1539(b), p. 1083 (1958)). We, therefore, decline to remand this case in order that Plaintiff might amend the petition.

Judgment affirmed.

DOWD, P.J., and SIMON, J., concur.