**Bonnie SCHAUER, Plaintiff–Appellant,**

**v.**

**GUNDAKER MOVITS REAL ESTATE CO., et al., Defendants–Respondents.**

**No. 59030.**

Missouri Court of Appeals,
Eastern District,
Division Five.

July 16, 1991.

William Meehan, St. Louis, for plaintiff-appellant.

Louis Joseph Garavaglia, Jr., St. Ann, for defendants-respondents.

SIMON, Judge.

Plaintiff Bonnie W. Schauer appeals from the dismissal, by the Circuit Court of St. Charles County, of her petition for fraud (Count I), and breach of fiduciary duty (Count II) against defendants Gundaker Movits Real Estate Co., Inc. (Gundaker), and Joyce Mathis. (Collectively referred to as "defendant".) Plaintiff also claims the trial court abused its discretion by dismissing with prejudice, thereby denying plaintiff the opportunity to amend the petition to cure defects.

On appeal, plaintiff contends that the trial court erred in: (1) dismissing: a) Count I of her petition for failure to state a claim for relief for fraud; b) Count II of her petition for failure to state a claim for relief for breach of fiduciary duty; and (2) abusing its discretion by dismissing with prejudice, thereby denying plaintiff opportunity to amend the petition in order to cure any perceived defects. We affirm in part and reverse and remand in part.

In response to plaintiff's petition, defendant filed a motion to dismiss or, in the alternative, to make the petition more definite and certain. The trial court called and heard the motion to make more definite, and ordered plaintiff to provide defendant a copy of an exhibit referenced in the petition but not attached to it. This order also stated that defendant's motion to dismiss was called, heard, and submitted. Later, plaintiff filed a certificate of readiness, and asked that the case be placed on the trial docket. Defendant objected to the certificate of readiness, stating that the case was not at issue. The trial court subsequently sustained defendant's motion to dismiss "on the grounds therein", which was failure to state a claim for which relief can be granted. The trial court specifically dismissed plaintiff's petition with prejudice. Plaintiff then moved the trial court to vacate and/or set aside its order of dismissal. An order was entered denying plaintiff's motion in all respects except the trial court struck from the previous order one sentence which was in reference to a docket sheet indication that leave to file an amended petition had been granted on the day of the original order of dismissal.

In her petition, plaintiff alleged that in November of 1977 she engaged Gundaker, through its agent Mathis, in a listing agreement to sell real property owned by plaintiff. In January of 1978, plaintiff rescinded this listing agreement, and defendant acknowledged this rescission. Approximately two days after this rescission, defendant submitted to plaintiff a residential sales contract containing an offer for the purchase of plaintiff's property, the terms of which were inconsistent with those sought by plaintiff for the sale of her property. Plaintiff's petition further alleged that defendant made various false repre-

sentations regarding plaintiff's obligations as to the offer submitted, the listing agreement, and the legal effect of subsequent actions on plaintiff's part. Plaintiff alleged in Count I that these representations were fraudulent and that she reasonably relied on them to her detriment, and in Count II that the making of these representations amounted to a breach of fiduciary duty on the part of defendant.

On appeal, plaintiff combines in her first point the claimed error of the trial court in dismissing both counts of the petition. For the sake of clarity, we address each count of the petition separately. In reviewing plaintiff's points, we shall construe the petition favorably and give the plaintiff the benefit of every reasonable and fair intendment in the facts alleged. The plaintiff has a right to proceed if the facts pleaded, and their reasonable inferences, looked at most favorably from the plaintiff's standpoint, show any ground upon which relief can be granted. Although the plaintiff is required to plead the ultimate facts, it is not necessary to plead the facts or circumstances by which the ultimate facts will be established to avoid a motion to dismiss. *Hohenstreet v. Sterling Nat. Land Co.*, 706 S.W.2d 80, 83 [1–3] (Mo.App.1986).

Plaintiff claims error in the dismissal of her fraud count in that the petition stated a claim for fraud under the existing law of this state. The specific elements of a fraud claim, as agreed by the parties, are set out in *Clark v. Olson*, 726 S.W.2d 718, 719 [1] (Mo. banc 1987):

(1) a representation;

(2) its falsity;

(3) its materiality;

(4) the speaker's knowledge of the falsity or his ignorance of the truth;

(5) the speaker's intent that his representation should be acted upon by the hearer and in the manner reasonably contemplated;

(6) the hearer's ignorance of the falsity of the representation;

(7) the hearer's reliance on the truth of the representation;

(8) the hearer's right to rely thereon;

(9) the hearer's consequent and proximately caused injury.

Plaintiff must plead every essential element of fraud, and failure to plead any element renders the claim defective and subject to dismissal. *Hanrahan v. Nashua Corp.*, 752 S.W.2d 878, 883 [7, 8] (Mo. App.1988). Also, Rule 55.15 requires all averments of fraud, except malice, intent, knowledge and any other condition of mind of a person, to be stated with particularity. In the absence of compliance with the Rule, no claim is stated. *Id.*

While defendant attacks plaintiff's petition in several respects regarding the elements of the fraud count, we conclude the element of consequent and proximately caused damages is dispositive of the issue.

Plaintiff, in paragraph number sixteen of her petition, states that she was "consequently and proximately caused injury ... in reliance on the representations of defendant Gundaker Realty, by and through Defendant Mathis, in the amount of Fifty Thousand Dollars ($50,000.00)." This paragraph apparently pleads the ninth element of fraud but fails to allege any facts showing a causal connection between the alleged fraudulent misrepresentations and the damages of $50,000.00. In sum, it was alleged that defendant represented to plaintiff that she was required to sign the offer, that the amendments to the offer by plaintiff would result in a counteroffer unacceptable to the purchasers, and that defendant misrepresented its present intent to change the offer price from $42,900.00 to plaintiff's asking price of $43,600.00. The petition contains no allegations other than these which show any other damages.

The most that can be inferred from the facts alleged in the petition, giving it the most favorable inferential interpretation, is that plaintiff was induced to sell her property, after rescinding the listing agreement, for seven hundred dollars less than plaintiff's original full asking price. Plaintiff concludes, without any supporting factual allegations as to expenses or other liabilities incurred, that she was damaged in the amount of $50,000.00.

In order for false representations to be actionable, there must exist a causal connection between the misrepresentation and the harm allegedly sustained. *Heberer v. Shell Oil Co.*, 744 S.W.2d 441, 443 [3, 4] (Mo. banc 1988). Plaintiff's petition here is devoid of any factual allegations, pleaded with the requisite particularity, which provide a consequent and proximate causal connection between the misrepresentations alleged and the claimed injury, i.e. the damages.

Finding that plaintiff failed to plead the element of proximately caused damages with particularity, we hold that the trial court properly dismissed Count I for failure to state a claim for fraud.

Plaintiff also claims error in the trial court's dismissal of Count II of her petition which, plaintiff asserts, states a claim for breach of fiduciary duty. In its brief, defendant concedes that the petition alleged facts which would establish a fiduciary duty was owed by defendant to plaintiff, but argues that no facts were alleged which would state a claim for breach of that duty.

Plaintiff incorporates by reference all of the allegations of Count I, including the alleged fraudulent misrepresentations, in Count II of the petition. Count II also alleged that defendant breached the fiduciary duty by: (1) submitting the contract to plaintiff, with knowledge of her intent not to sell and with assurances that the amendments to the contract would result in its rejection by buyers, and by failing to fully represent her interests in the transaction; and (2) offering to pay the moving expenses of the purchasers in consideration for consent to plaintiff's modifications of the contract offer. Plaintiff alleges that the actions of the defendants in this matter were willful, wanton, and malicious. Plaintiff also claims she suffered damages "as a direct result of Defendant's actions in this matter in the amount of Fifty Thousand Dollars ($50,000.00)."

█ Defendant argues that the petition states no claim for relief because by their actions they were merely complying with 4 CSR 250–8.100(2), authorized by section 339.120 RSMo. (Cum.Supp.1989), which requires that all offers to purchase be promptly submitted to sellers and all counteroffers be promptly submitted to purchasers. Defendant also contends no claim was stated by the allegation that defendants offered to pay the purchasers' moving expenses. While we do not decide whether such allegations, specifically, constitute a sufficient claim for breach of fiduciary duty, we find the petition, taken as a whole, alleged facts which, if proved, could establish a claim for breach of fiduciary duty.

"The broker is the agent of the seller who lists the property with him unless it is otherwise understood and provided and therefore owes the seller its undivided loyalty and is required to exercise the utmost fidelity and good faith. It is the broker's duty to keep the principal fully informed, to make full disclosure of all facts, and to exercise reasonable care and diligence in the performance of his duty." *Adams v. Kerr*, 655 S.W.2d 49, 53 [8–13] (Mo.App. 1983). Here, plaintiff alleged that defendant willfully, wantonly, and maliciously misrepresented plaintiff's options as to rescission of the listing agreement and the contract offer. It was also alleged that defendant misrepresented its present intent not to change the sale price on the contract while representing that the price would be changed. Such is an allegation of misrepresentation of a material fact. *See Sofka v. Thal*, 662 S.W.2d 502, 507 [5, 6] (Mo. banc 1983).

Further, it was pleaded that defendant's actions were to plaintiff's detriment, and thus inconsistent with the fiduciary duty owed. Finally, it was also pleaded that damages were suffered as a direct result of the breach. Plaintiff need only plead ultimate facts, not the facts or circumstances by which the ultimate facts will be established. *Hohenstreet v. Sterling Nat. Land*, 706 S.W.2d at 83 [1–3]. There is no rule requiring such particularity of pleading as in a fraud claim. Thus, Count II of plaintiff's petition sufficiently states a claim for relief for breach of fiduciary duty.

Plaintiff, in her second point on appeal, claims that the trial court abused its discretion by not granting leave to amend the petition under Rule 67.06. The Rule states that the court, on sustaining a motion to dismiss, shall freely grant leave to amend. Here, the record fails to reveal that plaintiff specifically requested leave to amend. Plaintiff argues instead that leave to amend should have been deemed requested under the language "such other relief as the Court may deem just and proper", which appeared in plaintiff's motion to set aside the dismissal.

The trial court is not required sua sponte to grant leave to amend a deficient pleading. *Conroy v. Solon Gershman, Inc.*, 767 S.W.2d 381, 383 [4–7] (Mo.App. 1989). "Where a plaintiff fails to seek leave to amend a deficient pleading, the court may assume he 'has made the strongest presentation of his case which the facts permit and was satisfied with his pleading.'" *Id.* at 383–384 [4–7], (quoting *Mullen v. Renner*, 685 S.W.2d 212, 214 [5] (Mo.App.1984)). Where plaintiff desires to file an amended petition it is up to him to ask leave to do so. *Mullen*, at 214 [3, 4]. The trial court did not abuse its discretion in failing to grant leave to amend which was not specifically requested, and was not required to do so pursuant to such general language as that contained in plaintiff's motion to set aside the dismissal. Point denied.

The trial court's order of dismissal for failure to state a claim for which relief can be granted is affirmed as to Count I in fraud and reversed as to Count II in breach of fiduciary duty.

Judgment affirmed in part, reversed and remanded in part.

PUDLOWSKI, P.J., and KAROHL, J., concur.