Leo MULLEN, M.D., Appellant.

v.

G.M.A.C., Respondent.

No. WD 50435.

Missouri Court of Appeals,
Western District.

Jan. 23, 1996.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Feb. 27, 1996.

Application to Transfer Denied
April 23, 1996.

Leo M. Mullen, M.D., Kansas City, appellant pro se.

Marilyn S. Gussman, Kansas City, for Respondent.

Before SMART, P.J., and LOWENSTEIN and BERREY, JJ.

LOWENSTEIN, Judge.

This case marks the forty-first appeal presented in this court by the plaintiff, Dr. Leo Mullen. Mullen's petition was dismissed. His initial brief was stricken. The second brief is not helpful. As best deciphered, the cause presented by Mullen is as follows: Mullen purchased a Pontiac automobile in Phoenix, Arizona and financed the purchase through the defendant GMAC. Mullen, in his petition, claimed the terms in the original contract with the dealer were incorrect, and renegotiated and signed a new contract with the dealer before GMAC bought the note. The petition contains a plethora of issues and allegations, though the central issue this court faces is whether dismissal of a fraud claim was proper. In the trial court, Mullen waived any claim for wrongful repossession.

After denying one motion to dismiss, the trial judge dismissed the petition on GMAC's subsequent motion that the petition did not properly plead all the elements of fraud. Under the standard of review, the facts pleaded are taken as true; however, complying with the standard is somewhat difficult because of the petition's lack of clarity.

Generally, the elements for fraud in this state require "a representation; that is false; that is material; the speaker's knowledge of its falsity or ignorance of its truth; the speaker's intent it be acted on; the hearer's ignorance of the falsity of the representation; the hearer's reliance; the hearer's right to rely on it; and injury." *Heberer v. Shell Oil Co.*, 744 S.W.2d 441, 443 (Mo. banc 1988). The circumstances of each element must be stated with particularity. *Id.*; Rule 55.15; *State ex rel. PaineWebber v. Voorhees*, 891 S.W.2d 126, 129 (Mo. banc 1995). Failure to plead any element renders the petition subject to dismissal. *Schauer v. Gundaker Movits Real Estate Co.*, 813 S.W.2d 112, 114 (Mo.App.1991).

Dr. Mullen fails to plead that he was ignorant of fraud or misrepresentation because he called GMAC's attention to the problem with the original contract, and a new contract was devised that all agreed upon and signed. Furthermore, there is no indication that GMAC's fraud induced Dr. Mullen to rely to his detriment; therefore, he suffered no damages.

The damages he purports to be entitled to are irrelevant to the fraud claim and appear to be arbitrarily determined with no factual basis supporting the demand. Many of those allegations sound in his *waived* claim of wrongful repossession. "Plaintiff concludes, without any supporting factual allegations as to expenses or other liabilities in-

curred ... In order for false representation to be actionable, there must exist a causal connection between the misrepresentation and the harm allegedly sustained." *Schauer,* 813 S.W.2d at 115. Dr. Mullen has failed to connect his claim of fraud with his damages.

Although it would appear the trial court was frustrated with Mullen's pro se litigation, he failed to meet all the elements of fraud; therefore, the dismissal is proper.

■ The more compelling problem is the court system's endurance of Mullen's exercise and use of the court system with and without an attorney. In *Mullen v. Renner,* 685 S.W.2d 212, 215 (Mo.App.1984), this court spent a page outlining the then current Mullen-generated litigation, both in Missouri state courts as well as in New Mexico and the federal system. As this court said then, no plaintiff should be criticized for apparent litigiousness, because free access to the courts will not erode our democratic society. Here, as in his case versus *Renner,* (685 S.W.2d) at 215, Mullen argues that because he is a pro se litigant he should not be held to the same standard as a party represented by counsel. The answer to that was addressed in 1985 when this court, quoting United States District Judge Joseph Stevens, wrote that interpretations designed to help the naive "... do not necessarily apply to him whose favorite hobby at least, if not vocation, must be the writing of pleadings and filing of lawsuits". *Id.*

■ This court does not intend to be disrespectful to Dr. Mullen, or any litigant coming before the court seeking redress. However, Mullen's suit was not properly pled, and it was correctly subject to being dismissed under Rule 55.15 for failure to plead all the required elements of fraud. This appeal had no merit nor any chance of success, and constitutes an abuse of the process of this court and of the system of civil justice. *Babcock v. KTVI–TV, Inc.,* 873 S.W.2d 293, 297 (Mo.App.1994). Under Rule 84.19, the filing of a frivolous appeal may allow a court to assess damages. *Dale v. Hardy,* 835 S.W.2d 444, 447 (Mo.App.1992). "The record in this case presents a picture of studied and persistent dissemblance ..." that will not be tolerated, so the court *sua sponte* assesses damages for frivolous appeal in the amount of $150 to be paid into the Treasury of the State of Missouri. *White v. Mid–Continent Investments, Inc.,* 789 S.W.2d 34, 41 (Mo. App.1990).

The judgment is affirmed.

All concur.