Jimmy R. JORDAN, Appellant,

v.

CITY OF KANSAS CITY, Missouri, et al., Respondents.

No. WD 54480.

Missouri Court of Appeals, Western District.

April 7, 1998.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 2, 1998.

Application for Transfer Denied Aug. 25, 1998.

Party acting pro se.

Lana K. Torczon, Asst. City Atty., Kansas City, for respondents.

Before ELLIS, P.J., and HOWARD and RIEDERER, JJ.

PER CURIAM:

## FACTS

On August 5, 1996, Appellant Jimmy R. Jordan filed a defamation suit against the City of Kansas City, after the City of Kansas City had issued four summons to Appellant for violations of the City's Property Maintenance Code. The first summons charged that the Appellant caused or permitted litter, trash, refuse, or rubbish to remain on the premises owned by the appellant in violation of Section 25.3.05. The second summons cited Appellant for owning, using, or occupying or maintaining dwelling premises with a window that has a window panel with open cracks and holes in violation of Section 56–135 of the City's ordinances. The third summons cited Appellant for owning, using, occupying or maintaining dwelling premises with an exterior wall that was not free of holes, breaks and loose or rotting sections in violation of the requirement of Section 56–131 of the City's ordinances. The fourth summons cited Appellant for owning, using, occupying or maintaining dwelling premises with an exterior wall that was not free of holes, breaks and loose or rotting sections in violation of the requirement of Section 56–132 of the City's ordinances.

Prior to the issuance of the four summons, Respondent City had sent three letters to Appellant to notify him of the alleged violations. Appellant appealed these notices to the appeal board for the neighborhood and community services department. On October 10, 1997, this board had a hearing at which the City Inspector testified that she had "inspected the property and the violations still remained on the property."

Appellant complained in his Amended Petition that the City committed the tort of defamation in three ways: (1) sending letters to Appellant notifying him of alleged violations; (2) testifying at a hearing called because of his appeal; and (3) issuing the summons and warrants described above.

On September 23, 1996, Respondent City filed its answer stating that Appellant's petition did not properly allege a cause of action for defamation. On April 8, 1997, Respondent City filed a summary judgment motion, arguing that the City and its employees are absolutely privileged from any alleged defamatory statements and/or that Appellant failed to plead and prove claims for libel and slander. On April 30, 1997, the trial judge's judicial administrative assistant sent a notice of the summary judgment hearing to all parties. On May 22, 1997, Appellant failed to appear at the hearing.

On May 28, 1997, the trial court issued an order of dismissal stating that "upon review of plaintiff's petition and his amended petition and affording them the most liberal intendment the court finds and concludes as a matter of law that none of the statements attributed to defendant are defamatory in nature." The court elected to treat Respondent City's motion for summary judgment as a motion for dismissal. On June 6, 1997 Appellant filed a motion to stay and/or set aside the order of dismissal, and he filed notice of appeal. On July 14, 1997, the trial court denied Appellant's motion to stay and/or set aside dismissal for lack of jurisdiction.

On Appeal Jordan argues 1) that the trial court erred when it failed to give the appellant notice of the hearing on the motion for summary judgment and then proceeded with the hearing even though appellant was not present; 2) that the trial court erred when it failed to consider Appellant's response to the city's motion for summary judgment when it dismissed this case; 3) that the trial court erred in treating respondent's motion for summary judgment as a motion to dismiss because matters outside the pleadings were presented to the court and were not excluded by the court; 4) that the trial court should have given the appellant an opportunity to amend his petition before the Court dismissed his entire cause of action; 5) that the trial court erred in making a factual determination that statements made by Saundra Ross were within administrative authority official capacity; 6) that the trial court erred when it determined that the City and its employees were protected by absolute and qualified immunity; 7) that, after Appellant

had filed notice of appeal, the trial court retained jurisdiction under Missouri Rule of Civil Procedure 75.01 and should not have denied the motion to stay or set aside its order of dismissal on the basis of lack of jurisdiction; and 8) that trial court did not follow Missouri Rule of Civil Procedure Rule 74.06 in denying the motion to stay or set aside its order of dismissal on the basis of lack of jurisdiction.

## I. PROCEDURAL MATTERS.

### A. RULE 84.04(d).

■ Appellant cited no authorities in support of Points I, II, and V. Missouri Rule of Civil Procedure 84.04(d) requires that points relied on be supported "with citations of authorities thereunder." Appellate courts are not required to review points or arguments when they appear without citation of applicable authority. *State v. Conaway*, 912 S.W.2d 92, 95 (Mo.App.1995). "When an appellant cites no authority and offers no explanation why precedent is unavailable, appellate courts consider the point waived or abandoned." *Id.* at 94. Points I, II, and V are therefore considered abandoned.

### B. RULE 55.27

■ Respondent filed below a motion denominated as a "Motion for Summary Judgment." The court elected to treat this motion as a motion to dismiss. Appellant contends on appeal that the trial court erred under Missouri Rule of Civil Procedure 55.27 in treating Respondent's summary judgment motion as a motion to dismiss because Respondent presented a list of "suggestions" in support of its motion to the court.

Missouri Rule of Civil Procedure 55.27(b) states: "If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 74.04, and all parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 74.04."

■ The fact that Respondent submitted a list of suggestions in support of its motion is not dispositive. A trial court's ruling would be reviewed as a grant of a motion to dismiss, even though matters outside the record were before the trial court, where nothing in the record suggested that the trial court considered anything other than the petition in ruling on a motion to dismiss. *Terre Du Lac Ass'n v. Terre Du Lac, Inc.*, 737 S.W.2d 206, 210–11 (Mo.App. 1987).

The trial court's order states: "Upon review of plaintiff's petition and his amended petition and affording them the most liberal intendments the court finds and concludes as a matter of law that none of the statements attributed to defendant are defamatory in nature. The citation letters issued spring from valid exercise of regulatory authority and are thus not actionable." Appellant contends that the trial court must have examined the citation letters before making its ruling because of the reference to those letters, and that the court's decision was thus not limited to the petition and the amended petition.

We find no evidence that the trial court considered anything except the petition and the amended petition before dismissing the case. Appellant included the substance of the citation letters, alleging property ordinance violations, in his amended petition. The trial court did not rely on anything except the allegations raised in appellant's amended petition in reaching its decision.

Point denied.

### C. RULE 67.06

Appellant contends that the trial court erred by dismissing the cause of action before giving Appellant time to amend his petition as required by Missouri Rule of Civil Procedure 67.06.

■ Rule 67.06 provides that "... the court shall freely grant leave to amend...." The rule gives a plaintiff the opportunity to seek to amend his petition before a judgment of dismissal with prejudice becomes final. *Conroy v. Solon Gershman, Inc.*, 767 S.W.2d 381, 383 (Mo.App.1989). A trial judge is not

required *sua sponte* to grant leave to amend a deficient pleading. *Id.* The rule presumes a plaintiff will request leave to amend. When a plaintiff fails to seek leave to amend a deficient pleading, the court may assume that he was satisfied with the pleading and has made the strongest presentation of his case where the facts permit. *Id.* at 383–84.

Appellant did not seek leave to amend. The trial court was not required *sua sponte* to grant leave to amend appellant's petition when the appellant did not ask for it. *Id.* at 383.

Point denied.

## D. RULE 75.01

Appellant contends that the trial court erred in denying his motion to stay and/or set aside its order of dismissal after Appellant had filed notice of appeal, because Missouri Rule of Civil Procedure 75.01 allows the trial court to retain jurisdiction.

 On June 6, 1997, Appellant filed with the trial court his motion to stay and/or set aside the Court's order of dismissal, and on that same date, he filed notice of appeal. On July 14, 1997, the trial court denied the motion to stay and/or set aside dismissal, stating: "Because plaintiff has appealed the court's judgment of dismissal, the court is without further jurisdiction." The filing of an effective notice of appeal ordinarily cuts off the trial court's jurisdiction to exercise any judicial function in the case and vests the jurisdiction in the appellate court. *Davidson v. Ellison,* 681 S.W.2d 479, 481 (Mo.App. 1984). The circuit court effectively no longer has an active case pending on its docket, its jurisdiction being limited to the exercise of ministerial functions provided by statute or rules of procedure. *Id.* at 481–82.

Once Appellant filed his notice of appeal, the trial court lost jurisdiction to exercise any further judicial function and could not rule on Appellant's motion to set aside the Court's order of dismissal. *Id.*

Point denied.

## E. RULE 74.06

 Appellant contends that the trial court erred in denying his motion to stay and/or set aside its order of dismissal because the notice requirements of Missouri Rule of Civil Procedure 74.06 were not followed.

Appellant misreads Rule 74.06. The notice requirements are placed on counsel, not on the Court. Furthermore, the notice requirements contained in subdivision (c) of the Rule pertain to five enumerated allegations. Appellant did not make any of the enumerated allegations. Rule 74.06 does not apply.

Point denied.

## II. STATEMENTS IN QUESTION ARE NOT DEFAMATORY

Appellant alleges that the trial court erred when it ruled as a matter of law that "none of the statements attributed to defendant are defamatory in nature. The citation letters issued spring from the valid exercise of regulatory authority and are thus not actionable."

In his argument, Appellant contends that the City and its employees were not protected by official immunity. However, the trial court determined that the statements attributed to the respondent were not defamatory. If the statements were not defamatory, then the question of whether the City and its employees are protected by absolute or qualified immunity is never reached.

## A. STANDARD OF REVIEW

 On review of the dismissal for failure to state a cause of action, we treat all facts alleged as true and reverse the trial court's order only if those facts as alleged in Appellant's petition would, upon proof, entitle Appellant to relief. *May v. Greater Kansas City Dental Soc.,* 863 S.W.2d 941, 944 (Mo. App.1993). Whether words are defamatory is a question of law which the trial court may properly decide on a motion to dismiss. *Id.*

## B. DISCUSSION

 Defamation is unprivileged communication or publication of false and defamatory matter which injures the reputation of another so as to lower him in the estimation

of the community or to deter third persons from associating or dealing with him. *Jenkins v. Revolution Helicopter Corp., Inc.*, 925 S.W.2d 939, 944 (Mo.App.1996); *Henry v. Halliburton*, 690 S.W.2d 775, 779 (Mo. banc 1985).

Here, Appellant argues that the City wrote three letters, testified at a hearing, and issued four summons, all of which contained defamatory material. The letters, the testimony, and the four summons related directly to various violations of city ordinances pertaining to property owned by Appellant.

Appellant argues in his petition that all of these acts were libelous because they charged him with criminal conduct and activity and that the Respondents knew the charges were false. This argument is without merit.

 A violation of a municipal ordinance is a civil proceeding, not a criminal one. *Frech v. City of Columbia*, 693 S.W.2d 813, 814 (Mo. banc 1985). The City issues a summons or information for violations of municipal ordinances in order to inform violators of the nature of the action lodged against him in order that he may defend against it, and to furnish a basis for an orderly trial and rendition of judgment. *Kansas City v. Franklin*, 401 S.W.2d 949, 953–54 (Mo.App.1966). An information charging an ordinance violation is ordinarily considered to be sufficient if it describes the act complained of in the language of the ordinance itself. *City of Joplin v. Graham*, 679 S.W.2d 897, 898 (Mo.App.1984).

The record reveals that the four summons issued to Appellant were sufficient because they gave notice of the City's charges against the him. The summons for alleged municipal code violations did not harm Appellant's reputation or deter people from associating with him. The letters notifying Appellant of ordinance violations were not libelous, as they were writings giving notice of irregularities and not charging wrongdoing or crime. *Bernhardt v. Armbruster*, 217 S.W.2d 759, 763 (Mo.App.1949).

Because the four summons issued for property violations do not charge Appellant with criminal conduct but simply inform him

of ordinance violations, the contents of the summons are not defamatory. There is no cause of action for defamation on these facts.

 Because the statements at issue are not defamatory, we do not reach the question of privilege, whether absolute or qualified. However, we agree with the trial court that even if these statements were defamatory, a cause of action for defamation would still not exist. The City validly exercised its regulatory authority in issuing the citation letters. Enforcement of the property maintenance ordinances is a valid exercise of the City's police powers. The purpose of police power is to promote public health, safety and welfare; police power is not unlimited, but is very broad. *Home Builders Ass'n of Greater St. Louis v. City of St. Peters*, 868 S.W.2d 187, 189 (Mo.App.1994). These summons were within that broad power and it serves public policy to disallow defamation actions against the city in all but the most exceptional cases.

Point denied.

For the foregoing reasons, the decision of the trial court is affirmed.