## STATE OF MISSOURI, Respondent, v. G. H. CLARK, Appellant.

Springfield Court of Appeals, May 12, 1924.

1. **APPEAL AND ERROR: Continuance, When Proper Affidavit Filed, Mandatory.** Under Revised Statutes 1919, section 1388, which provides that if it shall appear to the court by affidavit that "any attorney of such party is a member of either house of the General Assembly and in actual attendance on the session of the same, and that the attendance of such attorney is necessary to a fair and proper trial," then the court shall continue, it is mandatory upon the trial court to grant a continuance and the trial court has no discretion, and it was error to overrule application for continuance.

2. ————: **Counter-Affidavits Equivalent to Reading an Exception into the Statute.** Counter-affidavit that the party will not be prejudiced by the absence of such attorney has no place under section 1388, R. S. 1919, and is equivalent to reading an exception into the statute. The statute makes no such exception and is not susceptible of such construction.

Appeal from Circuit Court of Shannon County.—*Hon. E. P. Dorris*, Judge.

REVERSED AND REMANDED.

*Cunningham & McClellan* for appellant.

*L. N. Searcy*, Prosecuting Attorney, for respondent.

(536)

BRADLEY, J.—Defendant was convicted of possessing intoxicating liquor contrary to our prohibition statute, and was fined $200. After the usual motions he appealed.

This cause was not argued, but counsel were present when it was submitted and stated that the principal question is the action of the trial court in overruling defendant's application for a continuance. Defendant stated in his affidavit that Hon. S. A. Cunningham was his attorney, that Mr. Cunningham was State Senator and was then in attendance upon the Legislature which was then in session. Defendant further stated in the affidavit that the attendance of Mr. Cunningham at his trial was necessary in order that he might have a fair and proper trial. The prosecuting attorney filed a counter-affidavit to the effect that Mr. Cunningham's law partner, John W. McClellan, Esq., was fully capable of looking after defendant's cause. Mr. McClellan filed an affidavit to the effect that he, because of the sickness and death of his mother, and the sickness of his father, had been compelled to be out of his office the previous two months. These affidavits were filed March 14, 1923. Defendant was arrested on March 2, 1923, and was on trial the 14th thereafter. According to Mr. McClellan's affidavit he had not had time to give the defendant's case but little if any attention. The court overruled the application on the ground that Mr. McClellan was a lawyer of experience; that the charge was a misdemeanor, and because the court saw nothing to prejudice the defendant.

The statute upon which the affidavit for a continuance is based is section 1388, Revised Statutes 1919. This statute provides that when an affidavit for a continuance is filed in compliance therewith the court *shall* continue such suit and all other proceedings therein. This statute was enacted in 1895, Laws 1895, p. 93, and when passed it provided that when an affidavit was filed, etc., the court *may* continue. The statute was amended in 1913, Laws 1913, p. 158, and the word *may* referring to continuance was changed to *shall*. That was the only change made in 1913. The section was repealed in 1915,

Laws 1915, p. 226, and a new section enacted, which broadened the scope, but still retained the *shall*.

We have not been able to find where this section has been construed, but the character of the amendment of 1913 is plain. The Legislature evidently intended to make it mandatory upon the trial court to grant a continuance when a proper affidavit was filed under what is now section 1388, Revised Statutes 1919. Counter-affidavits have no place under this section. This section provides that if it shall appear to the court *by affidavit* that *"any* attorney . . . of such party is a member of either house of the General Assembly and in actual attendance on the session of the same, and that the attendance of such . . . attorney . . . is necessary to a fair and proper trial," then the court *shall* continue. All of this appeared *by affidavit,* and the trial court had no discretion. To sustain the trial court in overruling this application would be equivalent to reading an exception into the statute something like this: "Unless in a misdemeanor it shall appear by affidavit or other evidence that the party will not be prejudiced by the absence of such attorney." The statute makes no such exception, and is not susceptible of such construction.

We think this statute is a wholesome one. It is well known that any attorney must to some extent sacrifice his practice to serve as a member of the Legislature. The reason for the mandatory character of this statute is apparent, and our comment could not make it more wholesome.

We have examined the record for other errors, but find none of serious import. Such as appear may be avoided on a retrial. For the error in overruling defendant's application for a continuance the judgment should be reversed and the cause remanded, and it is so ordered. *Cox, P. J.,* and *Farrington, J.,* concur.