STATE OF MISSOURI, at the Relation of CORNELIUS SNIP, Relator, v. HON. DEWEY P. THATCH, Judge of the Circuit Court of Henry County, Missouri.—No. 39696.—195 S. W. (2d) 106.

Division Two, June 10, 1946.

*W. W. Sunderwirth* and *Lynn M. Ewing* for relator.

*Harry B. Jenkins* and *Fred A. Bredehoft* for respondent.

TIPTON, J.—Original prohibition to prohibit respondent, judge of the twenty-ninth judicial circuit, from proceeding with the trial of a case entitled Thomas Davis, plaintiff, v. Cornelius Snip and Lamar Trust Company, defendants. Relator contends that respondent exceeded his jurisdiction in denying his application for continu-

ance which was based on the fact that Senator W. W. Sunderwirth, relator's attorney, was a member of the general assembly.

The case of Thomas H. Davis, plaintiff, v. Cornelius Snip was filed in the circuit court of Barton County on January 11, 1944. It is an action for personal injuries claimed to have been received by plaintiff in an automobile accident which occurred in April, 1943. Later an amended petition was filed making the Lamar Trust Company an additional party. Plaintiff was granted a change of venue from Barton County to the circuit court of Bates County. In December, 1944, relator was granted a change of venue from Bates County to the circuit court of Henry County. At this time relator employed Senator Sunderwirth of El Dorado Springs, Missouri, as an additional attorney in the case.

On the first day of the January term, 1945, of the circuit court of Henry County, relator filed in that court an application for continuance based upon the fact that Senator Sunderwirth was a member of the general assembly and in attendance upon its sessions. This application was sustained by the court and the cause continued. This case was set for trial on July 9, 1945, and by order of respondent the case was reset for August 28, 1945. On August 17, 1945, relator filed an application for continuance, stating that the general assembly of this state was in session and that his attorney, Senator Sunderwirth, was a member of that body. With this he filed a supporting affidavit.

An August 20, 1945, respondent overruled the application and found that the general assembly had been in vacation from June 29, 1945, to September 4, 1945; that Senator Sunderwirth's attendance was not necessary to a fair and proper trial or other proceedings in the court; and that the employment of Senator Sunderwirth was done only for the purpose of seeking to obtain a delay.

Relator's application for continuance conformed to Section 96, Civil Code of Missouri, Laws of Missouri, 1943, page 383, which reads:

"In all civil cases or in criminal cases pending in any court of this state at any time when the general assembly is in session, it shall be a sufficient cause for a continuance if it shall appear to the court, by affidavit, that any party applying for such continuance, or any attorney, solicitor or counsel of such party is a member of either house of the general assembly, and in actual attendance on the session of the same, and that the attendance of such party, attorney, solicitor or counsel is necessary to a fair and proper trial or other proceeding in such suit; and on the filing of such affidavit the court shall continue such suit and any and all motions or other proceedings therein, of every kind and nature, including the taking of depositions, and thereupon no trial or other proceedings of any kind or nature shall be had therein until the adjournment or recess for twenty days or more of the general assembly, nor for ten days thereafter. Such affidavit shall be sufficient, if made at any time during the session of the general

assembly, showing that at the time of making the same such party, attorney, solicitor or counsel is in actual attendance upon such session of the general assembly.''

The courts take judicial notice of the records of the general assembly. State ex rel. Donnell v. Searcy, 347 Mo. 1052, 152 S. W. (2d) 8. The senate journal shows that the senate was in session on August 7th, 17th and 27th, 1945; therefore, there was no adjournment of the general assembly, nor had it recessed for twenty days prior to August 28, 1945. Respondent concedes that the general assembly was in session on August 17th and 27th, 1945, but he contends that these were skeleton sessions. We do not think it is for the courts to determine such question. To do so would impeach the records of the general assembly.

Since we have ruled that the general assembly was not adjourned or had not been recessed for twenty days on August 28, 1945, then Section 96 of the Civil Code, supra, is controlling. When an application for continuance is presented to a court it can only determine if the application complies with the statute. If so then it is the court's duty to sustain it, but if it is insufficient then the court should deny it. This statute says: ''Such affidavit shall be sufficient, if made at any time during the session of the general assembly, showing that at the time of making the same such party, attorney, solicitor or counsel is in actual attendance upon such session of the general assembly.'' We are of the opinion that under this statute respondent did not have authority to hear evidence to contradict the recital of the application that Senator Sunderwirth's presence at the trial of the case was necessary to a fair and proper trial. We ruled this question in the case of State v. Myers, 352 Mo. 735, 179 S. W. (2d) 72. In deciding that case we quoted with approval the Springfield Court of Appeals opinion of State v. Clark, 214 Mo. App. 536, 262 S. W. 413, wherein that court said:

''We have not been able to find where this section has been construed, but the character of the amendment of 1913 is plain. The Legislature evidently intended to make it mandatory upon the trial court to grant a continuance when a proper affidavit was filed under what is now section 1388, R. S. 1919. Counter affidavits have no place under this section. This section provides that if it shall appear to the court *by affidavit* that '*any* attorney . . . of such party is a member of either house of the General Assembly, and in actual attendance on the session of the same, and that the attendance of such . . . attorney . . . is necessary to a fair and proper trial,' then the court *shall* continue. All of this appeared *by affidavit*, and the trial court had no discretion.''

We have already stated that the application for continuance complied with section 96, supra; in fact, it was admitted by respondent in

the oral argument that the application was in proper form. We therefore hold that respondent did not have authority to make the finding that Senator Sunderwirth was employed solely for the purpose of obtaining a continuance. State ex rel. Sawyer v. Kelly, 330 Mo. 143, 48 S. W. (2d) 864. The record shows that he was retained by relator in December, 1944, at the time the case was transferred to the circuit court of Henry County. "If a defendant [relator] has the means to employ counsel he has the right to be represented by a lawyer of his own choosing." State v. Myers, supra. In fact, he has the right to employ as many lawyers to represent him as he sees fit.

Under the circumstances of this case, we deem the remedy sought to be proper. Our preliminary rule in prohibition is hereby made absolute. All concur.