FRED H. KYGER and MRS. FRED H. KYGER v. JOHN A. KOERPER, Appellant.—No. 39986.—197 S. W. (2d) 946.

Court en Banc, December 9, 1946.

*Wm. J. B. Myres* and *Edward V. Sweeney* for appellant.

*H. A. Gardner* and *James E. Sater* for respondents.

774

LEEDY, J.—This case reaches this court on transfer from the Springfield Court of Appeals. The proceeding is one in prohibition to restrain defendant-appellant, Koerper, a justice of the peace in Lawrence County, from issuing execution upon a judgment rendered by him against plaintiffs-respondents, who were defendants in an unlawful detainer action pending before him styled "M. E. England and Omah England, plaintiffs, v. Fred H. Kyger and Mrs. Fred H. Kyger, defendants." The Lawrence Circuit Court issued its preliminary rule, and, on hearing, it was made absolute. The defendant justice of the peace appealed to the Springfield Court of Appeals, which reversed the judgment and remanded the cause with directions to the circuit court to set aside its rule in prohibition, and to deny the application. Its opinion is reported in 194 S. W. 2d 51, to which reference is made for a more detailed statement of the facts.

The unlawful detainer action was filed Oct. 3, 1945. Service was had, and the cause set for trial on Oct. 15. On Oct. 12 the Englands, invoking the provisions ▮ of Sec. 96 Civil Code of Mo., Laws, 1943, p. 383, sec. 847.96 Mo. R. S. A., lodged with the justice their verified application for a continuance, specifying that one of their attorneys "is a member of the Missouri General Assembly; and that said Assembly is now in session," and that their said attorney "is in actual attendance at said Assembly; and that his appearance at the trial of said cause is necessary to a fair and proper trial of said suit." Notwithstanding the affidavit, the justice on Oct. 15, noting in his docket that "defendants having been duly notified and failing to appear", proceeded to hear and determine the cause, adjudging that the Englands have restitution of the premises involved, and that they recover damages of the defendants in the sum of $250.00, together with costs. The Englands moved to set aside the judgment on the ground that the judgment was void, and any execution issued under it would likewise be void, for want of authority in the justice to act in the premises. The justice overruled the motion to set aside on Nov. 1, and

on Nov. 14 the present proceeding in prohibition was instituted, the object of which, as stated, is to restrain the issuance of execution upon the judgment for possession, damages and costs.

No question is raised with respect to the validity of the statute, nor to the formal sufficiency of the affidavit made thereunder. The return seeks to justify the action taken on the ground that the affidavit was false and fraudulent, and was made for the sole purpose of vexatiously delaying the trial, and that it constituted a fraud upon the justice. The return also admits the justice will, unless prohibited, proceed to issue execution or writ of restitution against plaintiffs-appellants.

The issue presented is whether the action of the justice in proceeding to try the case, and in rendering judgment under the circumstances outlined, was in excess of his jurisdiction. The Court of Appeals answered that question in the negative, and in so doing proceeded on the theory that the justice had jurisdiction to determine whether or not the affidavit conformed to the statute, and if, (as it held) such jurisdiction was erroneously exercised, error was committed which could have been corrected on appeal, hence, prohibition would not lie. It was the view of the Court of Appeals upon a consideration of the statute and the cases construing it, as cited in its opinion, that the justice had no right to proceed in the face of a statutory affidavit in proper form, and that it was not for the justice to say that such affidavit was fraudulent and filed simply to postpone hearing of the case before him, and that he should have continued the case. But we are unable to agree to its holding that such action amounted to nothing more than error, to correct which plaintiffs-appellants had an adequate remedy by appeal "or possibly mandamus," thus forestalling prohibition. Such holding is contrary to the very recent case of State ex rel. Snip v. Thatch, J., 355 Mo. 75, 195 S. W. 2d 106, (decided June 10, 1946, the date of the order transferring this cause to this court) wherein prohibition was expressly held to be the proper remedy to restrain a circuit judge from proceeding with the trial of a case where, as here, an affidavit in proper form, under the very section here involved, had been filed.

The command of the statute is that "on the filing of such affidavit the court shall continue such suit and any and all motions or other proceedings therein, of every kind and nature, including the taking of depositions, *and thereupon no trial or other proceedings of any kind or nature shall be had therein until* the adjournment or recess for twenty days or more of the general assembly, nor for ten days thereafter." (Italics ours.) There was no such provision in the statutes relating to changes of venue which were under consideration in Carpenter v. Alton R. Co. (Mo. App.), 148 S. W. 2d 68, and the cases cited therein. It follows, therefore, that the Carpenter case,

which was mainly relied on by the Court of Appeals, is not authoritative on the question here presented.

We are clearly of the opinion that for the justice to have proceeded against the express prohibition of the statute constituted something more than mere error, and amounted to the exercise of jurisdiction in excess of his judicial power and authority.

██ Prohibition is a discretionary writ, and the circuit court would have been justified ██ in denying it in the first instance because of the adequacy of a remedy by appeal. But it did not do so, and, in the exercise of its discretion, issued its preliminary rule. Having done so, it proceeded to hear the case on its merits, as, likewise in its discretion, it was authorized to do. The result reached on the merits was undoubtedly correct, and should not be disturbed on appeal. This court en banc has followed similar practice after issuing a preliminary rule in prohibition, notwithstanding the challenged action was held to constitute nothing more than error. State ex rel. Dunlap v. Higbee, J., 328 Mo. 1066, 43 S. W. 2d 825.

The judgment should be, and it is, affirmed. *Clark, Douglas, Ellison* and *Tipton, JJ.,* concur. *Hyde, J.,* concurs in separate concurring opinion in which *Clark, Douglas* and *Ellison, JJ.,* concur; *Gantt, J.,* not sitting.

HYDE, J. (concurring).—I concur in the opinion of Leedy, J. that it was proper to enforce prohibition under the circumstances of this case. There was no question raised as to the validity of Section 96 of the Civil Code' (Sec. 847.96 Mo. Stat. Ann.); and the sufficiency of the application and affidavit for continuance was admitted. However, if we are to continue to apply the drastic remedy of prohibition to rulings on applications for continuance under this statute, I think there should be some further consideration of the question of the construction and meaning of the requirements of this section.

██ This statute says: ''When the general assembly is in session, it shall be a sufficient cause for a continuance *if it shall appear to the court,* by affidavit, that any party applying for such continuance, or any attorney, solicitor or counsel of such party is a member of either house of the general assembly, and in actual attendance on the session of the same, and that the attendance of such party, attorney, solicitor or counsel is necessary to a fair and proper trial or other proceedings in such suit.''

I do not think that it can properly be held that the conclusion ''that the attendance of such party, attorney, solicitor or counsel is necessary to a fair and proper trial'' does ''appear to the court,'' merely when this statutory language is written into an affidavit. I think that this section must be read and construed in connection with Section 93 which says: ''*Every* application . . . shall . . . be . . . accompanied by an affidavit . . . setting forth the *facts* on which

the application is founded.'' This surely does not mean conclusions which the court must reach in order to find that the applicant is entitled to a continuance. Such a construction would transfer the judicial discretion of the courts to litigants, or their counsel, and make the matter of a continuance depend upon their mere whim or desire.

The rule is stated in 17 C. J. S. 259, sec. 94, that ''in stating the grounds on which a continuance is asked, the affidavit should set forth facts constituting such grounds, and mere conclusions are insufficient.'' [See also 12 Am. Jur. 472, sec. 31; Gregory v. Hansen (Mo. App.), 224 S. W. 82.] Therefore, I think that the meaning of Section 96 (in saying a party has sufficient cause for a continuance ''if it shall appear to the court . . . that the attendance of such party, attorney, solicitor or counsel is necessary to a fair and proper trial'') necessarily must be that the affidavit must state facts which would support such a finding and from which the court could reach such a conclusion. I think that State v. Myers, 352 Mo. 735, 179 S. W. (2d) 72, making a contrary construction should be overruled.

I think that any other construction would make this statute unconstitutional. We have held that an act which arbitrarily imposes an unreasonable or unnecessary delay upon the administration of justice would be contrary to Section 10, Article II, Const. of 1875, now Section 14, Article I, Const. of ▮ 1945. [Kristanik v. Chevrolet Motor Co., 335 Mo. 60, 70 S. W. (2d) 890.] Also as stated 16 C. J. S. 329, sec. 128, the Legislature cannot entirely exclude the exercise of the discretion of the Court. To do so is an encroachment of one department of Government upon the functions of another, prohibited by Article III, Const. of 1875, now Article II, Const. of 1945.

Section 96 provides for a complete moratorium (except during periods of adjournment of 20 days or more) on all proceedings in any pending case during the sessions of the General Assembly (which may be continuous under the new constitution throughout the whole period of each biennium) on the application of any party or attorney therein who is a member. It very properly states certain facts which must be shown by affidavit but does include the one matter (necessity of attendance to a fair and proper trial) which can only be a conclusion. If the Court is not permitted to determine this issue, which it could only do from a consideration of some facts about the case and the situation of the parties and attorneys, then its decision is arbitrarily compelled merely by the conclusion stated by the party making the affidavit regardless of what justice to others may require. Such a construction takes away all the judicial function of the court in making continuances applied for under this section.

Certainly litigants and lawyers who are members of the General Assembly should be given every reasonable consideration and their rights carefully protected by the Courts. They have duties as im-

portant as any in our Government; and they are required to perform them away from their homes at great personal sacrifice of both time any money because of inadequate compensation. This court has demonstrated that it will protect their rights by prohibition if necessary. However, our constitution requires the courts to protect the rights of all parties (especially to see that "justice shall be administered without . . . . denial or delay"); and there can be abuse of this continuance statute (although such instances are very rare) if it is construed to compel an indefinite continuance in every case under all circumstances. I do not think it should be so construed. *Clark, Douglas* and *Ellison, JJ.*, concur.