WILLIAM DAVID TODD, JR., a Minor, by LENA TODD, His Guardian and Curator, Respondent, v. FLETA STOKES and LETA BOSLEY, Appellants.—No. 40635.—215 S. W. (2d) 464.

Division One, December 13, 1948.

*M. J. Huffman, D. Raymond Carter* and *Bradshaw & Fields* for appellants.

*Seth V. Conrad, James P. Hawkins* and *Theo. G. Scott* for respondent.

[465] BRADLEY, C.—Action to partition land in Webster County; the answer alleged that plaintiff had no title or interest in the land and was "not entitled to file this partition suit." The venue was changed to Dallas County; the court found to the effect that plaintiff had an undivided one-third interest in the land; entered an interlocutory decree for partition, but found that the land should not be partitioned in kind and ordered sale, subject to two mortgages mentioned, and that the proceeds be apportioned. Defendants appealed.

Only two assignments of error are made: That the court erred in failing to continue the cause upon application therefor by defendants, and that the court erred in ordering partition "when the record showed that all those having an interest in the land to be partitioned had not been joined as parties to the suit."

William David Todd died March 9, 1945, seized of the land in question. Defendants Fleta Stokes and Leta Bosley are his daughters and the court found that plaintiff William David Todd, Jr. is the son of William David Todd, deceased, and that these three owned the land. The battle below waged vigorously on the question as to whether William David Todd, Jr. was the son of deceased. As stated, the trial court found that he was such son and that he was born in lawful wedlock. Since the finding on the facts is not challenged it will not be necessary to state the evidence upon which the court made the finding.

Was error committed in failing to continue the cause as appellants contend? The application for continuance was based on Sec. 96, Laws 1943, p. 383, which deals with a continuance when counsel is a member of the legislature. M. J. Huffman, Esq., member of the bar of Wright County, and other attorneys, were counsel for appellants. Mr. Huffman was a member of the legislature. The petition was filed March 20, 1946; answer filed April 10, 1946. August 10, 1946, the venue was changed to Dallas County on application of appellants. September 6, 1946, the cause came on for hearing at which time Mr. Huffman was present and took the leading part for the defense. Both sides rested at the close of the hearing on September 6th. Thereafter, on September 28th, the trial judge advised counsel on both sides that when court convened, December 12, 1946, we infer, in Dallas County, that a decree for defendants (appellants) would be entered. However, on December 12, plaintiff (respondent) filed a motion to set aside submission and hear further evidence, and this motion was sustained on day filed, and the cause set for further evidence on January 13, 1947.

On January 13th, Mr. Huffman filed his verified application for a continuance, setting up that he was a member of the legislature, the Representative from Wright County, and asked that the cause "be continued in accordance with the statute governing continuances of this nature." January 17th, the court made an order setting the cause for February 21st, but no mention was made of the application to continue. On that date "the court, by its order duly made and entered of record, continued said cause to March 14, 1947." On March 14th the cause came on for hearing. Mr. Huffman was present and took the leading part for appellants. He proceeded into the hearing without mention of his application for a continuance. Respondent introduced several additional witnesses and Mr. Huffman cross examined these.

Sec. 96, Laws 1943, p. 383, mentioned supra, is as follows: "In all civil cases or in criminal cases pending in any court of this state at any time when the general assembly is in session, it shall be a sufficient cause for a continuance if it shall appear to the court, by affidavit, that any [466] party applying for such continuance, or any attorney, solicitor or counsel of such party is a member of either house of the general assembly, and in actual attendance on the session of the same, and that the attendance of such party, attorney, solicitor or counsel is necessary to a fair and proper trial or other proceeding in such suit; and on the filing of such affidavit the court shall continue such suit and any and all motions or other proceedings therein, of every kind and nature, including the taking of depositions, and thereupon no trial or other proceedings of any kind or nature shall be had therein until the adjournment or recess for twenty days or more of the general assembly, nor for ten days thereafter. Such affidavit shall be sufficient, if made at any time during the session of the general assembly, showing that at the time of making the same such party, attorney, solicitor or counsel is in actual attendance upon such session of the general assembly."

The subject of a continuance under Sec. 96, supra, is considered in Kyger et al. v. Koerper, 355 Mo. 772, 207 S. W. (2d) 46. It appears in that case that the Englands filed before Justice of the Peace Koerper a suit in unlawful detainer against the Kygers. The Kygers in the unlawful detainer case filed an affidavit for a continuance under Sec. 96. Justice Koerper ignored the affidavit and proceeded to render judgment in favor of the Englands. The Kygers then brought prohibition against Koerper, justice of the peace, to prohibit issue of execution in the unlawful detainer case. The trial court granted prohibition. On appeal, the Springfield Court of Appeals reversed and remanded with direction to set aside the order in prohibition. See 194 S. W. (2d) 51. The cause was transferred to the supreme court; the opinion of the court of appeals was overruled and the prohibition granted by the trial court was affirmed.

In ruling the Kyger case the court said [207 S. W. (2d) 1. c. 49]: "Section 96 provides for a complete moratorium (except during periods of adjournment of 20 days or more) on all proceedings in any pending case during the sessions of the General Assembly (which may be continuous under the new constitution throughout the whole period of each biennium) on the application of any party or attorney therein who is a member. It very properly states certain facts which must be shown by affidavit but does include the one matter (necessity of attendance to a fair and proper trial) which can only be a conclusion. If the Court is not permitted to determine this issue, which it could only do from a consideration of some facts about the case and the situation of the parties and attorneys, then its decision is arbitrarily compelled merely by the conclusion stated by the party making the affidavit regardless of what justice to others may require. Such a construction takes away all the judicial function of the court in making continuances applied for under this section."

We make reference to the Kyger case to show that when an application for a continuance is filed under Sec. 96, the trial court has the right to determine whether the legislator's presence is necessary to a fair and proper trial. In other words, the filing of such application in proper form does not instanter divest the trial court of jurisdiction and thus prohibit any further proceedings therein "until the adjournment or recess for twenty days or more of the general assembly (and) ten days thereafter" regardless of the necessity of the legislator's presence to a fair trial and in the present case, regardless of the fact that the legislator attorney was given reasonable opportunity to be present and was actually present and participated in the further proceedings after the application was filed. And all this without mentioning his application for a continuance.

The following appears in respondent's brief and there is no reply in the brief suggesting otherwise, nor was there such otherwise suggestion on oral argument: "Although the record does not reflect what was done with the motion, I am sure Atty. Huffman, the applicant, will admit to this court that he requested the (trial) court not to continue the case for any protracted period of time, but wanted it set about thirty days later, on some week end (evidence [467] heard on Friday after reopening); that the date on which the case was tried was a date he later suggested to the Honorable Chas. H. Jackson (Judge); that he agreed and asked the court to leave the motion open until a suitable date could be agreed upon; that on the date agreed upon he did appear in court and without renewing or even referring to his motion for continuance agreed to and did participate in the trial of the case."

It is stated in the Kyger case, supra [207 S. W. (2d) 1. c. 49] that "litigants and lawyers who are members of the General Assembly should be given every reasonable consideration and their rights fully

protected by the Courts." Such is of course wholesome and sound, and the present record shows that the trial court did just that—carefully protected the rights of Mr. Huffman and his clients. There is no ground for just complaint as to the assignment respecting the application for a continuance.

Should the judgment be overturned because of defect of parties? It is contended that the judgment cannot stand because Lena Todd was not made a party. In support of this contention appellants in the brief say: (1) That respondent's mother, Lena, married William David Todd in 1929; (2) that they were divorced in 1932, divorce granted to husband; (3) that they were remarried in 1933; (4) that respondent was born in 1934; and (5) that subsequent to respondent's birth the parties were divorced for the second time, divorce granted to the wife, Lena. Such are the facts as shown by the record. So appellants say that respondent's mother had a dower interest in the land (Sec. 331 R. S. 1939, Mo. RSA, Sec. 331) and was a necessary party to the partition suit.

Appellants, in effect, concede that under the finding of the trial court as to respondent's interest in the land, his mother Lena, has a dower interest. So it will be conceded that respondent's mother is a necessary party to the partition suit (Sec. 1714 R. S. 1939, Mo. RSA Sec. 1714), but the fact that she was not made a party should not result in overturning the finding and judgment of the trial court as to respondent's interest in the land. The dower interest of respondent's mother may yet be set off and admeasured. Duncan v. Duncan et al., 324 Mo 167, 23 S. W. (2d) 91, l. c. 95.

The judgment as to respondent's interest in the land should be affirmed and it is so ordered, but the cause is remanded with the direction that the order of sale be set aside and that respondent's mother be made a party plaintiff and her dower interest determined, and for such further proceedings as to partition in kind or sale as the trial court may consider just and proper. *Dalton* and *Van Osdol*, *CC.*, concur.

PER CURIAM:—The foregoing opinion by BRADLEY, C., is adopted as the opinion of the court. All the judges concur.