**KESSINGER HUNTER MANAGEMENT COMPANY, Respondent,**

v.

**William J. DAVIS, Appellant.**

**No. WD 41226.**

Missouri Court of Appeals,
Western District.

Dec. 26, 1989.

William J. Davis, Costa Mesa, Cal., pro se.

Cindy L. Reams, Kansas City, for respondent.

Before GAITAN, J., Presiding, and MANFORD and ULRICH, JJ.

ULRICH, Judge.

Kessinger Hunter Management Company sued appellant, William J. Davis, for rent and possession of its property. Mr. Davis appeals from the judgment entered in Kessinger Hunter's favor. The judgment is affirmed.

On August 20, 1981, Mr. Davis and Michael D. Clayman leased from the Bay Colony Property Company, Inc., (Bay Colony) a Delaware Corporation, office space located in a Kansas City office building. East West Bryant Limited Partnership (East West Bryant), a Missouri limited partnership, is the successor in interest to Bay Colony. Kessinger Hunter Management Company (Kessinger Hunter) is a Missouri corporation acting as East West Bryant's agent pursuant to agreement. The lease anticipated that the tenants would practice law in the rental space and proscribed assignment of the tenants' interest without the landlord's prior written consent.

Kessinger Hunter filed two separate actions against the named tenants after monthly rent was in arrears. A petition for rent and possession was filed in the Circuit Court of Jackson County on November 20, 1985. A petition for possession was filed in the Associate Circuit Division of the Circuit Court of Jackson County on December 11, 1985. These actions were consolidated by order of the Circuit Court on February 11, 1986.

Kessinger Hunter filed a motion on March 26, 1986, for summary judgment on the issues of contractual liability and the right to possession of the premises. The court granted summary judgment on May 30, 1986, but reserved for evidentiary hearing the extent of plaintiff's damages.[1] Mr. Davis, after receiving notice, failed to appear on September 19, 1988, at the trial to

---

1. A settlement agreement was made between Mr. Clayman and the landlord after partial summary judgment was entered, and the plaintiff dismissed the claims against Mr. Clayman with prejudice. Mr. Clayman is no longer a party.

determine damages. Kessinger Hunter appeared and introduced evidence. On September 30, 1988, the court made findings of fact and conclusions of law and entered final judgment in favor of Kessinger Hunter and against Mr. Davis in the amount of $56,378.51, which was reduced by $3,500 setoff for amounts previously received in settlement from Mr. Clayman. Additional relevant facts will be stated when discussing points raised by Mr. Davis.

Mr. Davis contends that the trial court committed reversible error by 1) failing to grant a requested legislative continuance pursuant to Rule 65.06; 2) entering summary judgment on the issues of contractual liability and the right to possession of the premises without providing him notice of a hearing on plaintiffs' motion; 3) allowing his attorney to withdraw and failing to give him reasonable time to get another; and 4) granting partial summary judgment despite the existence of disputed relevant facts, in violation of Rule 74.04.

Mr. Davis' first point alleges trial court error by refusing to grant him a requested Rule 65.06 continuance. Rule 65.06 provides that a court may grant a continuance in a civil action when a party or his counsel is a member of either house of the general assembly, is in attendance at a session of the legislature, and his attendance is necessary to a fair and proper trial or other proceedings in the civil action. One of Mr. Davis' attorneys, Senator Henry Panethiere, entered his appearance on February 10, 1986, and filed a Rule 65.06 request for continuance on the same date, in the case filed in the associate circuit division, prior to consolidation of the two cases on February 18, 1986.

■ Before 1947, Missouri courts held that, where counsel is a member of the legislature, the correct filing of a request for continuance with supporting affidavits compelled trial courts to grant the requested continuance.[2] *State v. Thatch,* 355 Mo. 75, 195 S.W.2d 106 (1946); *State v. Myers,* 352 Mo. 735, 179 S.W.2d 72 (1944); *State v. Clark,* 214 Mo.App. 536, 262 S.W. 413 (1924). The Missouri Supreme Court changed the trial court's duty in *Kyger v. Koerper,* 355 Mo. 772, 207 S.W.2d 46 (banc 1947). *Kyger,* in a concurring opinion supported by a majority of the court, held that a trial court may exercise discretion when an attorney-legislator requests a continuance pursuant to Rule 65.06. *Id.* 207 S.W.2d at 49. The filing of a Rule 65.06 application for continuance does not divest the trial court of jurisdiction and preclude further proceedings. *Todd v. Stokes,* 358 Mo. 452, 215 S.W.2d 464, 466 (1948). When an attorney-legislator is attending a session of the general assembly and he has filed a motion for a Rule 65.06 continuance, the trial court may determine whether his presence is necessary to a fair and proper trial. *Kyger,* 207 S.W.2d at 49; *Todd,* 215 S.W.2d at 466. If it is, the continuance will be granted. Conclusory statements in an affidavit that an attorney-legislator's presence is necessary for a fair and proper trial, filed to support a Rule 65.06 motion for continuance, are not sufficient; specific facts must be alleged showing need for a continuance. *Kyger,* 207 S.W.2d at 48.

Recognizing the trial court's duty to exercise discretion when Rule 65.06 motions for continuance are filed, this court considers whether the trial court's denial of Mr. Davis' request for a continuance was an abuse of discretion. The trial court's inquiry, mandated by the rule and reemphasized in *Todd,* was whether Mr. Panethiere's presence was necessary to a fair and proper trial or other proceedings.

■ Mr. Davis was represented by three attorneys during the course of this case, two soon after the suits were filed. Both attempted to withdraw later. Another attorney represented Mr. Davis after partial summary judgment was entered, and he withdrew before the trial on the damage issue. Of course, Mr. Davis had a right to representation by as many attorneys as he found necessary. *Thatch,* 195 S.W.2d at 108. Attorney David Christian, not a legislator, entered his appearance in the case filed in the associate division of the circuit court on behalf of Mr. Davis as early as

---

**2.** Present Rule 65.06 was preceded by the substantively similar Sec. 96 of the Civil Code.

January 6, 1986. Mr. Panethiere's appearance was entered in the Associate Circuit Division action on February 10, 1986. Pursuant to Jackson County Local Rule 3.5, Mr. Christian was considered lead counsel and filed several items in the consolidated cases.[3] The only other recorded activity by Mr. Panethiere was his "Notice of Withdrawal" filed June 2, 1986. The court entered summary judgment on the issues of contractual liability and the right to possession of the premises on May 30, 1986, and assessed damages on September 30, 1988, following a September 19, 1988, trial on the damage issue.

The trial court did not expressly overrule the request for a Rule 65.06 continuance. It did, however, proceed in a manner implicitly overruling the request. Considering the participation of Mr. Davis' other chosen counsel, Mr. Panethiere's minimal participation, and the failure to allege facts demonstrating the necessity of Mr. Panethiere's presence to fair and proper trial or other proceedings in the case during legislative session, the court did not abuse its discretion by not granting the request for a Rule 65.06 continuance.

Mr. Davis contends as his second allegation that the trial court erred in entering partial summary judgment in favor of Kessinger Hunter because it did not provide him notice of a hearing on the summary judgment motion. His second contention is not distinct. No hearing on the motion was conducted. Mr. Davis argues that because the motion for summary judgment was filed during a time when the case was required to have been "mandatorily continued," the established rules regarding notice were inapplicable. This state of "mandatory continuance," he argues, was brought about by filing a request for continuance pursuant to Rule 65.06. The previous discussion of Rule 65.06 articulates why the rule does not mandate a continuance but provides for the exercise of trial court discretion.

Kessinger Hunter filed its motion for summary judgment with supporting suggestions on March 24, 1986. Oral argument was not requested by the movant and the certificate of mailing indicates service on both of Mr. Davis' attorneys. David Christian, representing Mr. Davis, filed a response on April 1, 1986, entitled "Motion to Strike Motion for Summary Judgment or Fix Time for Response with Suggestions in Support." Mr. Christian's motion argued that defendant's previously filed Rule 65.06 motion for continuance should stay the proceedings; no alternative motion was made. Suggestions in opposition to Mr. Christian's motion were filed April 9, 1986, by Kessinger Hunter and additional suggestions in support of its motion for partial summary judgment were filed April 23, 1986. Attorney David Christian filed his "Notice of Withdrawal" on May 29, 1986. The court's order entered May 30, 1986, overruled Mr. Davis' motion to strike, entered partial summary judgment in favor of Kessinger Hunter, and scheduled a hearing to determine damages.

Neither Kessinger Hunter nor Mr. Davis ever requested oral argument on Kessinger Hunter's motion for summary judgment. A motion for summary judgment does not require oral argument, and failure to request argument waives it. Rule 74.04; *State ex rel. Boyer v. Stussie*, 592 S.W.2d 269, 273 (Mo.App.1979). Jackson County Local Rule 33.5, provides that a request for oral argument may be denied at the discretion of the court. Notice and hearing are not essential precedents to summary judgment. *Joseph v. Howell*, 607 S.W.2d 799, 800 (Mo.App.1980). Contrary to Mr. Davis' contention, the established rules and court decisions applicable to summary judgment are not altered to require the trial court to conduct a summary judgment hearing and to provide notice of the hearing to the parties before granting summary judgment when a party has filed a Rule 65.06 motion that was not granted. The trial court acted within its discretion in granting partial summary judgment without a hearing. Mr. Davis' second point is denied.

---

**3.** Rule 3.5, Rules of the Circuit Court of Jackson County, Missouri, states: "2. If no pleading designating the lead attorney of record is filed, the attorney whose signature appears first on the initial pleading filed on behalf of a party will be considered by the court as the lead attorney of record." *Id.*

Mr. Davis' third allegation of error is unclear. He appears to allege trial court error by its failure to specifically grant him a thirty-day continuance after Mr. Panethiere filed a "Notice of Withdrawal." Mr. Christian filed a notice to withdraw as counsel on May 29, 1986, and Mr. Panethiere filed a similar notice on June 2, 1986. The court's partial summary judgment was entered May 30, 1989. Mr. Davis filed his "Response to Withdrawal of Attorney" on June 12, 1989, wherein he asked the court not to rule for thirty days on Mr. Panethiere's request to withdraw as his counsel to permit him to obtain other counsel. On July 8, 1986, Attorney Michael C. Arnold filed a motion as new counsel for Mr. Davis. The court never ruled on whether Mr. Panethiere would be permitted to withdraw. Mr. Davis obtained what he requested. Within thirty days following the filing of his request he had new counsel and between June 12 and July 8, 1986, no action in the case was taken. Point three is denied.

Finally, Mr. Davis alleges that the trial court erred in granting summary judgment on the issues of contractual liability and the right to possession of the premises because material factual disputes existed. Rule 74.04(c) states that, "[t]he judgment sought shall be entered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See, e.g., Kilgore v. Kilgore,* 666 S.W.2d 923, 928 (Mo.App.1984). Mr. Davis contends that the first three points he has raised on appeal constitute issues of material fact precluding entry of summary judgment. A fact is material when it "has legal probative force and effect as to a controlling issue." *Olson v. Auto Owners Ins. Co.,* 700 S.W.2d 882, 885 (Mo.App.1985). Even though review is done in the light most favorable to the party against whom summary judgment has been rendered, *Fisher v. Scott & Fetzer Co.,* 664 S.W.2d 662, 663 (Mo.App.1984), the three prior points raised by Mr. Davis on appeal do not constitute

material substantive factual disputes that preclude summary judgment.

██ Additionally, Mr. Davis asserts that his answer raised both factual questions and affirmative defenses which preclude summary judgment. Kessinger Hunter's motion for summary judgment was supported by exhibits and its vice president's affidavit. Mr. Davis did not file suggestions in opposition to the motion. In response to the motion he filed a motion to strike which reiterated his earlier request for a legislative continuance. Rule 74.04(e) provides that an adverse party may not rest on mere allegations or denials of his pleading but "shall set forth specific facts showing that there is a genuine issue for trial." Because Mr. Davis failed to respond to Kessinger Hunter's motion for summary judgment with specific facts showing genuine issues material to the request for summary judgment, the facts asserted in the affidavits must be deemed admitted. *Zafft v. Eli Lilly & Co.,* 676 S.W.2d 241, 243–44 (Mo. banc 1984); *Kinder v. Notorangelo,* 615 S.W.2d 433, 434 (Mo.App.1980).

The judgment is affirmed.

GAITAN, J., concurs.

MANFORD, J., dubitante.