**Deborah L. RILEY, Petitioner–Respondent,**

v.

**Michael L. RILEY, Respondent–Appellant.**

No. 58836.

Missouri Court of Appeals,
Eastern District,
Division One.

July 30, 1991.

Elbert A. Walton, Jr., St. Louis, for respondent-appellant.

Mertz, Stern, Frapolli & Steiger, Michael B. Stern, St. Louis, for petitioner-respondent.

KAROHL, Judge.

Father appeals from an order for Child Support and Attorney's Fees Pendente Lite granted mother. The court granted the motion on May 21, 1990, when father and his attorney failed to appear at a "preemptory" setting. On April 9, 1990, father's attorney filed a motion to continue PDL settings until ten days after the end of the legislative session, 1990, because counsel was serving as a member of the Missouri General Assembly. Rule 65.06.[1] The motion was supported by counsel's affidavit. We reverse and remand.

Mother filed a petition for dissolution of marriage on February 12, 1989. Father was served on October 24, 1989. He represented himself for a period of five months. On March 19, 1990, he retained an attorney, a member of the Missouri General Assembly, who entered an appearance on that date. The court granted counsel thirty days to file responsive pleading which father had neglected.

On March 27, 1990, mother filed a Motion PDL and set it for hearing on April 16, 1990. Father then filed a Motion for Legislative Continuance on April 9, 1990, but did not set it for hearing. We find no answer was ever filed and a finding husband was in default was entered on May 12, 1991. Mother, however, filed a motion to shorten time for notice so a hearing could be held on father's motion on April 16, 1990. The record is devoid of any evidence that a hearing was held or a ruling made on April 16, 1990. Mother re-set the hearing on her Motion PDL for May 21, 1990. Father and his counsel were not present. The court heard and ruled on the PDL motion, ordering father to pay $500 per month child support and $1000 for attorney fees.

■ Although three issues were raised on appeal, we will address only one because

1. Repealed effective July 1, 1991.

it is dispositive. Father contends the court erred in not ruling on his Motion for Legislative Continuance. We agree.

Rule 65.06 states a continuance shall be granted if the attorney for either party is a member of either house in the general assembly and such attorney is necessary to a fair and proper trial or other proceeding. Any proceeding for which a continuance is granted cannot begin earlier than the tenth day after the end of a legislative session. Rule 65.06. In this case, the legislative session did not end until May 30, 1990. Therefore, the earliest father's attorney would be required to appear at a proceeding is ten days later. The court heard and ruled on the Motion PDL nine days before the legislative session ended. The court erred in holding the hearing and ruling on the motion PDL before ruling on the motion for legislative continuance and before the session ended.

█ In opposition, mother argues the court had discretion to grant or deny the legislative continuance under *Kessinger Hunter Management Co. v. Davis*, 782 S.W.2d 426 (Mo.App.1989). She has not contested the fact father's counsel was a member of the General Assembly. While we agree the court may exercise discretion to decide whether the attorney's presence is necessary for a fair and proper trial, we do not agree the court had discretion to ignore the request for legislative continuance on the present facts.

Enforcement of Rule 65.06 as a matter of discretion was first discussed in a concurring opinion in *Kyger v. Koerper*, 355 Mo. 772, 207 S.W.2d 46 (banc 1947). That opinion states some discretion should be available in granting legislative continuances because strict application of the rule could result in unreasonable and unconstitutional delays in justice. *Id.*, 207 S.W.2d at 49. Mother cites cases following *Kyger* where denial of a legislative continuance was affirmed, but these cases are not helpful because of factual differences from the present case.

In *Kessinger,* the legislator-attorney was one of three attorneys representing the party. *Kessinger,* 782 S.W.2d at 428. The attorney requesting the continuance was not lead counsel. Hence, the court concluded the party would not be harmed from the absence of the legislator. *Id.* at 429. The other attorneys could adequately represent the party. *Id.*

In *Todd v. Stokes*, 358 Mo. 452, 215 S.W.2d 464 (1948), the court properly exercised discretion to proceed because the legislator-attorney voluntarily made an appearance at a hearing. *Id.*, 215 S.W.2d at 465. Although he had made a motion for continuance, the court had not ruled. *Id.* In addition, the legislator-attorney was apparently involved in setting the date for the hearing. *Id.*, 215 S.W.2d at 466. Because he made his appearance without protesting, the motion was moot. *Id.*

In the present case, the legislator-attorney is the only lawyer of record appearing for father. He did not waive his motion for continuance by appearing before the court. Although father may have caused some delay in the past while acting pro se, when the court heard the PDL motion, he was represented by an attorney. Under the provisions of Rule 65.06, father's attorney was entitled to a ruling on the motion for continuance. Mother never contested the factual basis for the motion. The motion court and this court knew he was a legislator. In the absence of proof father's interests were protected, father and counsel were entitled to the protection of Rule 65.-06. On the present facts, there is no justification to deny the General Assembly in Jefferson City, Missouri, the services of a member by coercing his presence in St. Louis County through threat of a default judgment.

We reverse and remand for further proceedings in accord with this ruling.

PUDLOWSKI, P.J., and GRIMM, J., concur.