**Carlene Sue LARDINOIS,
Respondent/Petitioner,**

v.

**Kenneth C. LARDINOIS,
Appellant/Respondent.**

**No. 60077.**

Missouri Court of Appeals,
Eastern District,
Division One.

April 14, 1992.

Elbert A. Walton, Jr., St. Louis, for appellant/respondent.

Elizabeth Walker Swann, O'Fallon, for respondent/petitioner.

GARY M. GAERTNER, Judge.

Appellant, Kenneth C. Lardinois, appeals the March 12, 1991, order of the Circuit Court of St. Charles County denying his motion for a continuance and granting respondent's, Carlene Lardinois', petition for child support and attorney fees, *pendente lite*. We reverse the ruling of the trial court.

Appellant and respondent, Carlene Sue Lardinois, are parties to a dissolution of marriage proceeding. The original petition, styled "Motion and Affidavit for Temporary Maintenance and Child Support, Attorney Fees and Suit Money Pendente Lite" (PDL motion), was filed on February 23, 1990. Both parties have since changed counsel.

The PDL motion was set for hearing on March 12, 1991. The day before at 4:00 p.m., appellant's counsel advised appellant of his intention to withdraw as counsel. The next day, early in the morning, the Hon. Elbert Walton, a member of the Missouri General Assembly, drove from Jefferson City of St. Charles County to file his entry of appearance for appellant, along with a timely motion for legislative continuance, relying on Rule 65.06 and RSMo § 510.120 (1986). Mr. Walton filed the papers at the St. Charles County Courthouse at about 8:00 a.m., and then drove back to Jefferson City to attend the legislative session, which began at 10:00 a.m.

The hearing was held as scheduled that same day, but the motion for legislative

continuance was never heard. No mention of the motion was made in the court's findings and conclusions, nor in its order. Subsequently, the court entered its PDL order granting respondent child support and attorney's fees *pendente lite,* to be paid by appellant. This appeal followed.

We begin our analysis by noting that Rule 65.06 has been repealed by the Missouri Supreme Court, effective July 1, 1991. We will not find the trial court in error for exercising an option provided in the rules by the Missouri Supreme Court. Likewise, the mere repeal of Rule 65.06 fails to make the Rules inconsistent with preexisting statutes or caselaw. Rule 41.04 provides, "If no procedure is specifically provided by rule, the court ... shall proceed in a manner consistent with the applicable statute ..."

We find RSMo § 510.120 (1986) to be just such a statute. Like Rule 65.06, this statute provides for a continuance when an attorney for a party is a member of the Missouri General Assembly. Terms of this statute have been relied upon in the past for continuance of a case. *See e.g. State ex rel. Osborne v. Southern,* 241 S.W.2d 94 (Mo.App., K.C.1951); *State ex rel. Snip v. Thatch,* 355 Mo. 75, 195 S.W.2d 106 (1946). These cases held that the party filing the motion was entitled to a legislative continuance, upon filing of the proper papers with the court. The request for such a continuance, however, is not automatically granted; it must be shown that "the attendance of the attorney in question is necessary to a fair and proper trial or other proceeding in such suit." RSMo § 510.120 (1986). Thus, courts do have some discretion to grant or deny a motion for legislative continuance. *Kyger v. Koerper,* 355 Mo. 772, 207 S.W.2d 46, 48–49 (Mo. banc 1947) (Hyde, J., concurring); *Riley v. Riley,* 823 S.W.2d 10, 11 (Mo.App., E.D. 1991). Respondent's brief cites us to no cases in support of her argument. While requests for legislative continuance have occasionally been denied in the past, *see e.g. Kessinger Hunter Mgt. Co. v. Davis,* 782 S.W.2d 426 (Mo.App., W.D.1989), the facts in such cases are too different to support respondent's argument in the case at bar. For example, appellant in the instant case is represented by Mr. Walton only; the party requesting a legislative continuance in *Kessinger* was represented by three attorneys. *Id.* at 428.

The trial court, in its order *pendente lite* of March 12, 1991, made no finding regarding the necessity of the legislator-attorney's presence for a fair and proper proceeding on the PDL motion. In fact, the trial court never addressed the motion for continuance, either to grant or deny it. As such, we must reverse the trial court and remand the case for determination of appellant's motion for legislative continuance. A ruling on the necessity of the legislator's presence is within the discretion of the trial judge.

The judgment of the trial court is reversed and the case remanded for further proceeding in accordance with this opinion.

REINHARD, P.J., and CRANE, J., concur.