Carlene Sue **LARDINOIS**, Respondent,

v.

Kenneth C. **LARDINOIS**, Appellant.

No. 62207.

Missouri Court of Appeals,
Eastern District,
Division One.

May 18, 1993.

David A. Dalton, II, St. Louis, for appellant.

Elizabeth W. Swann, O'Fallon, for respondent.

CRIST, Judge.

Kenneth C. Lardinois (Husband) and Carlene Sue Lardinois (Wife) were parties in a dissolution of marriage proceeding. Wife filed a motion for attorneys' fees and child support pendente lite (PDL). On the day of the hearing, Husband filed a motion for legislative continuance; that motion was never heard. Husband and his attorney did not appear at the hearing and the trial court granted Wife's motion. Husband appealed. On April 14, 1992, this court ordered the trial court's PDL order reversed and remanded for a determination on Husband's motion for legislative continuance. *Lardinois v. Lardinois*, 827 S.W.2d 284, 285 (Mo.App.1992).

On December 10, 1991, while the appeal of the PDL order was still pending, the dissolution hearing commenced without objection. The trial court entered its decree of dissolution on December 17, 1991. After the judge read the decree to the parties, Husband's attorney "put on the record" the fact that the PDL order was on appeal and recited the basis for that appeal. The trial judge stated:

> I did not place an inordinate amount of weight on the March 12 PDL order. My determination was really made more concerning things that had happened prior to that. But no, I did not consider the fact that he did not appear as any lack of interest on his part, just to basically a situation where one attorney had withdrawn and another had entered right on the eve of the hearing. There may have been some miscommunication.

Husband now asserts the trial court erred in proceeding with the dissolution action prior to the resolution of the appeal because the trial court lost jurisdiction of the entire case when Husband appealed the PDL order. We were not furnished a copy of the PDL order. Our opinion in *Lardinois*, 827 S.W.2d 284, indicates the PDL

order included provisions for child support and attorneys' fees but does not mention child custody. Testimony at the final dissolution hearing suggests a temporary custody order was entered awarding temporary custody of the couples' three children to Wife and that Husband, who had two of the children living with him, refused to comply with that order.

■ Generally, when a party files a notice of appeal from a final judgment, the trial court loses jurisdiction over the cause until the appellate court revests the trial court with jurisdiction by the issuance of its mandate. *State v. Armstrong*, 605 S.W.2d 526, 529[2] (Mo.App.1980); *Davidson v. Ellison*, 681 S.W.2d 479, 481–82[4, 5] (Mo.App.1984). This rule is subject to certain exceptions. A trial court has continuing jurisdiction to perform ministerial acts involving the case so long as those acts do not affect the appeal and has continuing jurisdiction over a collateral matter for the preservation of the status quo of the parties. *Davidson*, 681 S.W.2d at 481–82[5]; *State ex rel. Steinmeyer v. Coburn*, 671 S.W.2d 366, 371–72[5–7].

■ Orders on PDL motions in divorce proceedings are judgments in independent proceedings. "They stand upon their own merits and are in no way dependent upon the merits of the issues in the underlying dissolution suit." *In re Marriage of Gillett*, 762 S.W.2d 525, 527[3] (Mo.App.1988). Where independent and separate causes of action are tried jointly, the appeal of one judgment does not bring the other before the appellate court. *Cragin v. Lobbey*, 537 S.W.2d 193, 195[4] (Mo.App.1976). We have found no cases, nor has Husband cited any, where a trial court was found to have lost jurisdiction over an entire case upon the filing of the notice of appeal where the appeal involved a proceeding independent from the unappealed portion of the case and the exercise of jurisdiction by the trial court over the unappealed portion of the case would in no way affect the merits of the appeal.

Here, although the PDL action could only arise in the context of a dissolution proceeding, the PDL award was separate from that action and in no way affected the final judgment of the trial court. The trial court had jurisdiction to hear and enter an order on the final divorce decree because the trial court's decision did not interfere with the proceedings on appeal. *See Steinmeyer*, 671 S.W.2d at 371–72[5–7] (the trial court had jurisdiction to rule on motion for leave to appeal in forma pauperis filed after the denial of movant's motion for new trial although the ruling was not a ministerial act but a judicial act; the motion was separate from the judgment of the trial court which had been appealed and in no way affected it); *accord Majnaric v. Majnaric*, 46 Ohio App.2d 157, 347 N.E.2d 552, 554[1] (1975); *Bleidt v. 555, Inc.*, 253 Ark. 348, 485 S.W.2d 721, 723[1] (1972); *Walker v. Jones*, 257 La. 404, 242 So.2d 559, 563[1] (1971).

Husband contends the entry of the final dissolution award before the conclusion of the PDL appeal did interfere with his case on appeal because it rendered that appeal meaningless. Husband complains specifically about the temporary child custody award. It is true that any issue as to temporary child custody is now moot. Orders of temporary custody are ancillary to an underlying proceeding and are limited to custody pending the resolution of litigation. *Adams v. Adams*, 812 S.W.2d 951, 955[1] (Mo.App.1991); § 452.080, RSMo (1986). However, we find no support for Husband's contention that he has the right to a stay of the underlying proceedings in order to perpetuate the need for temporary custody pending the outcome of the appeal of the temporary award.

We find no merit to Husband's other claims of prejudice. The trial judge's comments indicate the judge did not rely on the events at the PDL hearing in making the custody determination, and Husband admitted at the dissolution hearing that he had not complied with the temporary custody order. Husband essentially acquired tem-

porary custody of two of his children by his violation of the PDL order.

Husband also complains the trial court has failed to enforce the mandate of this court in *Lardinois,* 827 S.W.2d 284. Husband has not furnished us with a record to support this allegation.

The trial court's final judgment as to the parties' dissolution is affirmed.

AHRENS, P.J., and REINHARD, J., concur.