**Oscar COLLINS, Plaintiff–Appellant,**

**v.**

**Grady FELDMAN and J & K Delivery, a division of Kesmar, Inc., Defendant–Respondent.**

**No. 75239.**

Missouri Court of Appeals, Eastern District, Division Five.

May 4, 1999.

Carl I. Katzen, St. Louis, for appellant.

Beth C. Boggs, Robert P. Sass, Radford R. Raines, St. Louis, for respondent.

KENT E. KAROHL, Judge.

Plaintiff, Oscar Collins, appeals summary judgment for defendant, J & K Delivery, a division of Kesmar, Inc. (J & K). Plaintiff sued Grady Feldman and J & K for personal injury sustained when plaintiff's automobile was rear-ended by a vehi-

cle driven by Feldman. He alleged Feldman was making deliveries for defendant, J & K. The trial court found, on summary judgment facts, that Feldman was doing business with J & K as an independent contractor. It concluded that J & K was not liable on the basis of respondeat superior for the negligence of former co-defendant, Feldman. We affirm.

During discovery proceedings, depositions were taken of Grady Feldman and Kenneth R. Rodawald, Sr. Feldman testified he made deliveries for J & K for approximately seven months; J & K hired "people to make deliveries, self-employed"; he signed an agreement to work with J & K as a independent contractor and was paid a fixed sum per delivery of prescriptions and flowers; he was required to, and did, use his own vehicle; the vehicle contained no signage identifying it with J & K; and, J & K provided the parcels for delivery in assigned zip codes.

Mr. Rodawald testified that during the relevant period he owned and operated Kesmar, Inc., d/b/a J & K Delivery; the company delivered flowers and prescriptions for customers by utilizing independent contractors to make the deliveries for its accounts; it operated a warehouse as a staging area where it sorted and dispersed packages for delivery; the delivery persons were required to use their own vehicles, preferably a van; J & K kept records on standard forms which sometimes referred to the delivery persons as either employee or contractor; the delivery persons were paid $2.65 for a flower delivery and $2.00 for a medical delivery; the delivery persons were told what to do if the customer was not available, for example, leave the package with a neighbor; and, J & K required the deliveries to be made on that day. J & K recruited by a newspaper advertisement which read, "Driver wanted, own van and insurance necessary." In addition to delivery, the contractors helped sort the items for delivery but there was no additional compensation for that effort.

On September 4, 1998 J & K filed a motion for summary judgment. It alleged: (1) plaintiff's sole basis for recovery was a claim that respondeat superior applies, rendering J & K liable for the negligence of Feldman; and, (2) Feldman and J & K both affirmed Feldman was acting as an independent contractor and not as an employee of J & K at the time of the vehicle collision. On October 14, 1998 plaintiff dismissed his petition against defendant, Feldman, with prejudice reserving his "right to continue to pursue [his] claim against Defendant, J & K Delivery." Plaintiff filed no response to J & K's motion for summary judgment. On October 26, 1998 J & K presented, and the court granted, its motion for summary judgment.

■ Plaintiff argues the court erred in granting summary judgment because "on the basis of the evidence, a genuine issue of facts extant, and the burden is upon the moving party to show by unassailable proof that there is no genuine issue of fact." He also claims the court erroneously sustained a motion for summary judgment as a "substantive decision." He argues the relationship of J & K with Feldman was employer-employee and not one of independent contractor. J & K suggests that plaintiff's point violates Rule 84.04(d) because it fails to identify what genuine disputed issue of fact allegedly existed. We will consider points I and II as a single point which argues trial court error regarding the conclusion Feldman was an independent contractor on the basis of summary judgment facts. Thus, the deficiency in the brief is minimal. We will decide on the merits.

■ Plaintiff should be aware that a failure to respond to a motion for summary judgment with specific facts showing genuine material issues may have adverse consequences. The failure to respond results in an admission of the facts alleged. *General Am. Life Ins. Co. v. Barrett*, 847 S.W.2d 125, 129 (Mo.App. W.D.1993). "Rule 74.04(e) provides that an adverse party may not rest on mere allegations or

denials of his pleadings, but shall set forth specific facts showing that there is a genuine issue for trial." *Kessinger Hunter Management Co. v. Davis*, 782 S.W.2d 426, 430 (Mo.App.1989). We could, but elect not to, base our decision on facts admitted for procedural reasons.

■ We conclude the testimony in depositions, which was before the court when it considered J & K's motion for summary judgment, supports the conclusion that there is no genuine issue of fact on the relationship of Feldman with J & K as an independent contractor. The application of respondeat superior depends upon proof that a master had the right or power to control and direct the physical conduct of the working party. *Hougland v. Pulitzer Publishing Co., Inc.*, 939 S.W.2d 31, 33 (Mo.App. E.D.1997). If there is no right to control then there is no liability because no master-servant relationship exists. *Id.*

The summary judgment facts, derived from the deposition testimony of J & K's representative and Feldman, will not support a finding that J & K had the right or power to control and direct Feldman in his delivery activities or that it exercised control. They entered into a written agreement whereby Feldman was to make deliveries on the day he acquired medical or floral packages for delivery. The operational details were determined by Feldman. The business relationship did not include the payment of wages; J & K paid for each delivery at a fixed amount without additional compensation for expenses. Feldman understood and agreed "that I am a self-employed contractor doing business with J & K Delivery Service. I further understand and agree that J & K Delivery Service is not liable for any compensation such as unemployment benefits or workmens' compensation. I am responsible for my equipment and any merchandise in my care." The agreement was attached to answers to interrogatories propounded by plaintiff and answered by Rodawald, for J & K.

The deposition testimony did not offer facts to support a finding that the relationship was ever altered by conduct of J & K. Thus, the document governing the relationship was not refuted by any witness offering summary judgment facts in evidentiary form. There was no evidence to support a finding that J & K had the right or exercised the power to control the details of delivery and distribution or any other act of Feldman in the performance of his contractual duties. The means and methods for accomplishing deliveries were left to Feldman.

We hold that J & K was entitled to summary judgment as a matter of law because, on undisputed summary judgment facts, Feldman was an independent contractor, rather than an employee, thereby negating plaintiff's theory of respondeat superior as to J & K. The trial court did not err in granting summary judgment for J & K. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371 (Mo. banc 1993).

We affirm.

ROBERT G. DOWD, Jr., C.J. and ROBERT E. CRIST, Senior Judge concur.