**STATE of Missouri, ex rel. Gregory WHITE, Relator,**

v.

**Honorable Samuel J. HAIS Judge of the Circuit Court of St. Louis County, Missouri, Respondent.**

**No. ED 77895.**

Missouri Court of Appeals,
Eastern District,
Division One.

May 10, 2000.

John D. Schneider, St. Louis, for appellant.

Aaron Dubin, St. Louis, for respondent.

Cynthia Garnholz, St. Louis, for petitioner in the trial court.

LAWRENCE E. MOONEY, Presiding Judge.

Relator, Gregory White, seeks to prohibit Respondent, the Honorable Samuel Hais, from denying an entry of appearance and motion for a legislative continuance filed by attorney and state legislator John Schneider ("Schneider") in the underlying matter. Peremptory writ issued in part.

Relator is a party in a case pending in the St. Louis County family court styled

*Gregory White v. Tiffany James,* Number 98–FC–004589, set for trial before Respondent on May 10, 2000. Attorney Cynthia Garnholz ("Garnholz") represents Relator in that case. On May 5, 2000, Relator hired Schneider to replace Garnholz as his attorney. That same day, Garnholz moved to withdraw from the case, and Schneider filed an entry of appearance and motion for legislative continuance. After hearing argument on Schneider's entry of appearance and motion for legislative continuance on May 9, 2000, the court issued an order denying the entry of appearance.[1] The court made no ruling with respect to the motion for legislative continuance. Relator then filed this Petition for Writ of Prohibition.[2]

Clearly, Schneider was entitled to enter his appearance in the case. We are unaware of any authority requiring an attorney admitted to the bar of this state to seek leave of court prior to entering his appearance in a pending case, nor are we aware of authority that an attorney's entry in a case is a matter within the trial court's discretion. On the contrary, we have declared a trial court's failure to permit a litigant's attorney to enter his appearance in a case prejudicial error. *Magerstadt v. La Forge,* 303 S.W.2d 130, 134 (Mo.1957). It has been said that "if a [litigant] has the means to employ counsel he has the right to be represented by a lawyer of his own choosing. In fact, he has the right to employ as many lawyers to represent him as he sees fit." *State ex rel. Snip v. Thatch,* 355 Mo. 75, 195 S.W.2d 106, 108 (1946) (internal citation omitted). "The right of a litigant to be represented by counsel of his own selection is a valuable one, the unwarranted denial of which is held to be a fundamental error." *Magerstadt,* 303 S.W.2d at 133. Thus, the Relator's Petition for Writ of Prohibition is granted insofar as it asks us to prohibit Judge Hais from denying Schneider's entry of appearance in this case.

However, we deny Relator's request to prohibit Judge Hais "from proceeding with trial on May 10, 2000, in light of the filed Motion for Legislative Continuance." First, Judge Hais has not ruled on Relator's motion for legislative continuance. Further, it would be within the trial court's discretion to grant or deny the legislative continuance, based upon its determination of whether Schneider's presence is necessary for a fair and proper trial, since Relator is still represented by Garnholz. *Lardinois v. Lardinois,* 827 S.W.2d 284, 285 (Mo.App. E.D.1992); *Riley v. Riley,* 823 S.W.2d 10, 11 (Mo.App. E.D.1991).

Peremptory Writ of Prohibition is issued in part. Respondent is directed to vacate the order of May 9, 2000, denying John Schneider's entry of appearance. The Petition for Writ of Prohibition is denied with respect to Relator's request to prohibit Respondent from proceeding with trial on May 10, 2000.

LAWRENCE G. CRAHAN, J., and MARY K. HOFF, J., concur.

---

1. The court denied Garnholz's request to withdraw from the case in a separate order not before us.

2. Neither Garnholz nor counsel for Respondent has filed any responsive pleading with this court.